UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Bankruptcy Case |
| | § | |
| **ELIZABETH THOMAS,** | § | **23-34971-H5-13** |
| | § | |
| Debtor | § | Chapter 13 |

**P.C.F. PROPERTIES IN TX, LLC'S OBJECTION TO MOTIONS FOR ENTRY OF AGREED ORDER CONDITIONING AUTOMATIC STAY [AND CO-DEBTOR STAY] REGARDING A CIVIL PROCEEDING (Dockets No. 30 and 38)**

Comes now, **P.C.F. Properties in TX, LLC**[1], Respondent and objecting creditor, and files its Objection to Motions for Entry of Agreed Order Conditioning Automatic Stay [And Co-Debtor Stay] Regarding A Civil Proceeding Filed by (Docket No. 30 and 38), and for good cause, shows the following:

Debtor, Elizabeth Thomas, has been engaged in a 15 year legal battle to get a free house, which is the property located at 8202 Terra Valley Lane, Tomball, TX 77375.  This current set of motion is part of that plan.  Movant and Debtor seek to lift or modify the stay with respect to two pending appeals:  The first is pending in the United States District Court for the District of Delaware under Case No. 23-CV-01047 – an appeal of the Delaware Bankruptcy Court's orders denying Movant and Debtor's request to remand a case improperly and ineffectively removed to the Delaware Bankruptcy Court (Docket No. 30); the second is a case pending in First Court of Appeals, Houston District, under Case No. 01-23-00331-CV (Docket No. 38), and *styled Elizabeth Thomas, et al v. PCF Properties in Texas LLC*.  Movant and Debtor seek to lift the stay to effectuate an alleged agreement between themselves that would, in their minds, bind Respondent and affect Respondent's title to real property in Harris County, Texas.  For the ~~following reasons, Responden~~t represents to this Court

---
[1] Texas Secretary of State File No. 0800450156

BAS200099 – Objection to Motion for Entry of Agreed Order Conditioning Automatic Stay [And Co-Debtor Stay] Regarding A Civil Proceeding Filed by (Docket No. 30),

that there is, in fact no agreement affecting title to the property and the Court should deny the Motion:

### A.  The Automatic Stay has Terminated by Operation of Law

:	First, the automatic stay of 11 U.S.C. § 362(a) expired by operation on law thirty (30) days after the case was filed.  Debtor, Elizabeth Thomas, filed Case No. 18-23676, in the United States Bankruptcy Court for the Southern District of New York, which was dismissed on the Debtor's motion on November 21, 2023.  Debtor filed this case on December 19, 2023, invoking the automatic stay for thirty (30) days.  The Debtor did not seek to extend, and this Court did not grant and extension of the automatic stay under 11 U.S.C. § 362(c)(3(B).  Therefore, the automatic stay of 11 U.S.C. § 362(a) terminated as to Debtor, this case, and all parties to be stayed, effective January 18, 2024.  On January 19, 2024, Respondent filed a Notice of Termination of Automatic Stay with this Court.

### B.  Debtor and Movant are Misleading this Court (and Others)

More importantly, Debtor and Movant, James Andersen (an attorney licensed to practice law in Texas), have mischaracterized, misrepresented, and mislead this Court about the nature of the relief they are requesting.  Movant and Debtor (and others) have represented that a binding settlement agreement has been reached between Debtor, Movant, Robert L. Thomas, James Allen, and Allan Haye[2], and a company named "PCF Properties in Texas LLC" in which all claims are purportedly resolved.  The party Movant and Debtor assert entered into the settlement agreement, "PCF Properties in Texas LLC" is not Respondent and Respondent has not authorized or entered into any settlement agreement with Debtor or Movant.  **In fact, there is no such agreement with Respondent.  Respondent has not authorized any such settlement.  However, the alleged**

---

[2] This Court may recall that Allan Haye filed a Chapter 11 Bankruptcy Case under Case No. 19-32662, in which this Court granted in rem relief to Debtor's lender.

BAS200099 – Objection to Motion for Entry of Agreed Order Conditioning Automatic Stay [And Co-Debtor Stay] Regarding A Civil Proceeding Filed by (Docket No. 30),

**settlement agreement seeks to affect title to real property Respondent purchased at a non-judicial foreclosure sale conducted on March 3, 2020.  Since that time, Debtor, Movant, and others have sought to quiet title in Debtor's name.**  A true and correct copy of the Trustee's Deed is attached hereto as Exhibit 1.

Additionally, Debtor is not eligible for relief under Chapter 13 of the Bankruptcy Code because she voluntarily dismissed her New York Bankruptcy Case after her lender filed and obtained relief from the automatic stay.  Debtor is ineligible for relief for 180-days from the dismissal date of her New York Bankruptcy Case.

Upon information and belief, Debtor may not be eligible to file any bankruptcy cases because she has not complied with an order issued by the United States Bankruptcy Court for the Southern District of Texas, Houston Division on July 13, 2017, Case No. 17-33326-H4-13, which order held that Debtor did not pay the remaining balance on the filing fees due on that case.

Debtor and Movant also represent that Alzadia L, Spires represents the appellee (who is in actuality the Respondent) in Case No. 01-23-00331-CV, styled *Elizabeth Thomas, et al v. PCF Properties in Texas LLC*.  **That is false.  Alzadia Spires has not legal authority to represent Respondent or enter into any agreement affecting Respondent's interest or rights in that appeal, or the Property.**

    *i.    The Delaware Involuntary Bankruptcy and Appeal*

On March 30, 2023, Debtor, Movant, and others filed an Involuntary Bankruptcy Petition under 11 U.S.C. § 303 styled, "*In re PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC*" under Case No. 23-10378-TMH, in the United States Bankruptcy Court for the District of Delaware.  The petitioning creditors in the Delaware Bankruptcy Case were the judgment debtors in the Litigation, James M. Andersen, Elizabeth Thomas, Robert L. Thomas, Allan A. Haye, and

James Allen. A true and correct copy of the Involuntary Bankruptcy Petition is attached hereto, incorporated herein for all purposes and marked Exhibit 2.

The federal court case in which Movant, Debtor and others seek to modify/terminate the automatic stay relates to an involuntary bankruptcy case Debtor, Movant, and others filed to stay state court litigation pending in the 80th Judicial District Court of Harris County, Texas, (the "District Court") under Case No. 2020-35780, and styled *James Allen, et al v. PCF Properties in Texas LLC, et al*, (the "Litigation") in which the District Court granted Respondent's summary judgment validating the Trustee's Deed transferring title to Respondent and quieting title to the real property located at 8202 Terra Valley Lane, Tomball, TX 77375 (the "Property").

The sole ground for the Involuntary Bankruptcy Petition was that the alleged debtor company, "**PCF Investments, Inc**," a company with a similar name to Movant's parent or managing member, forfeited its corporate charter in 1993, and could not transact business and act as Respondent's parent company.[3] Movant, then, attempted to remove the State Court Litigation to the Delaware Bankruptcy Court.

The Involuntary Bankruptcy Petition was dismissed with prejudice on May 1, 2023, after the Delaware Bankruptcy Court determined that Debtor and Movant filed bankruptcy against the wrong company, which incidentally, had been out of business for over 30 years and forfeited its corporate charter in 1993. A copy of the Dismissal Order is attached hereto as Exhibit 3.

Debtor and Movant filed a motion to reconsider the Dismissal Order, which the Delaware Bankruptcy Court heard and denied with prejudice on August 30, 2023. A copy of the Denial Order is attached hereto as Exhibit 4. The Delaware Bankruptcy clarified its reasons for denying the creditors' motion. Seen Exhibit 4A. The Delaware Bankruptcy Court also issued a

---

[3] Sadly, Debtor, Movant, and others are mistaken. Respondent's parent company, P.C.F. Investments, Inc., was incorporated under Delaware law in 2004 and is in good standing with the State of Delaware.

BAS200099 – Objection to Motion for Entry of Agreed Order Conditioning Automatic Stay [And Co-Debtor Stay] Regarding A Civil Proceeding Filed by (Docket No. 30),

Memorandum Order Denying Ex Parate (sic) Remand Motion on August 30, 2023, setting forth the many reasons why the involuntary bankruptcy case failed as a matter of law. A copy of the Memorandum Order is attached hereto as Exhibit 5.

Debtor and Movant have appealed the Delaware Bankruptcy Court orders to the United States District Court for the District of Delaware, which is pending under Case No. 23-CV-01047. That appeal is the subject of the Motion that is before this Court.

Because the Delaware Bankruptcy Case was ineffective and improper from the beginning, the State District Court properly disregarded the ineffectively and improperly filed bankruptcy and entered summary judgment in Respondent's favor, quieting title to the Property in Respondent. A copy of the Summary Judgment, entered on April 19, 2023, is attached hereto as Exhibit 6.

  *ii.*  *Involuntary Bankruptcy was an Attempt to Stay the Litigation.*

Debtor, Movant, and others filed the involuntary bankruptcy case to avoid entry of a judgment in Respondent's favor in the Litigation. The District Court, though, -properly disregarded the bankruptcy filing and entered the Summary Judgment in Respondent's favor, quieting title to the Property and awarding Respondent a money judgment in the amount of $10,000.00, jointly and severally, against Debtor, Movant, and others, which to date remains unpaid. The judgment debtors appealed the Summary Judgment, which is pending in the Court of Appeals, Houston District, under Case No. 01-23-00331-CV, and styled *Elizabeth Thomas, et al v. PCF Properties in TX, LLC*.

  *iii.*  *Many, Many Lawsuits Filed by or on behalf of Elizabeth Thomas.*

Elizabeth Thomas purchased the Property in 2007. Since that time, she has engaged in a nearly 15 year legal campaign to avoid the lien on the Property. Title to the Property has been the subject of many, many lawsuits filed by Elizabeth Thomas and others, challenging the debt, the

mortgage, the foreclosure sale, the standing of the homeowner's association, and others. Attached hereto as Exhibit 7 is a non-exhaustive list of cases filed by Elizabeth Thomas or on her behalf, all challenging title to the Property. This list of cases does not include the volumes of pleadings in the cases Elizabeth Thomas has filed, most of which are lengthy, incoherent, irrelevant, and outright false, wherein Elizabeth Thomas intentionally misstates, mischaracterizes, and/or misrepresents the effects of orders or judgments, or other relief to which she declares she is entitled. Additionally, the list of cases does not include the number of times Elizabeth Thomas changed case captions, the names of party-plaintiffs and/or defendants, misstated a party's legal position, solely for the purposes of increasing litigation costs, confusion, delay, or otherwise to harass parties to litigation, or files motions for sanctions against parties and/or their attorneys of record.

   iv. *Respondent Finally Evicted Debtor on August 15, 2023.*

  Respondent finally evicted Debtor and took possession of the Property on August 15, 2023, after the District Court issued a writ of possession directing the Harris County Constable to seize the Property, remove Debtor and all other occupants and their personal belongings. On that same evening, Debtor and those acting in concert with her have illegally gained entry to the Property and began moving her belongings back into it. Harris County Constables supervised the removal of Debtor's belongings, which included furniture and other personal belongings along with car keys and a laptop Debtor had been charging in the Property's kitchen.

  Debtor broke into Respondent's Property again. On the weekend of January 21, 2024, Debtor engaged a locksmith, broke into Respondent's Property, changed the locks and disabled Respondent's security cameras. Debtor, allegedly acting pursuant to a protective order by the 280th District Court of Harris County, Texas, asserted that the protective order authorized her to reenter

the Property, which was done in direct violation of Respondent's rights. This is Case No. 2023-+85745, styled *Elizabeth Thomas v. Tony Halaris A/K/A P.C.F. Properties in TX, LLC*, and is pending in the 280th Judicial District Court of Harris County, Texas. Debtor, though, has never served the protective order on Respondent; therefore, any such protective order is not effective. Law enforcement officials issued a trespass warning to Debtor that her presence on the property was unauthorized. She was instructed to vacate the premises. If she failed to do so, or if she vacated and returned, she would be subject ot arrest for trespassing. A copy of the Trespass Warning is attached hereto as Exhibit 8.

      v.      *Elizabeth Thomas and James Andersen have been declared Vexatious Litigants.*

The District Court has issued an order declaring Elizabeth Thomas and James Andersen, and others acting in concert with them, vexatious litigants related to Respondent and the Property under Section 11.054 of the Texas Civil Practices and Remedies Code, as a direct result of their abusive tactics, Debtor and Movant have also been sanctioned in the amount of $50,000.00, which also remains unpaid. A true and correct copy of the Vexatious Litigant Order is attached hereto as Exhibit 9. Debtor, Movant, and others have also been sanctioned for filing frivolous motions to disqualify the State District Court Judge, with a monetary award, another obligation that remains unpaid. A true and correct copy of the Sanctions Order is attached hereto as Exhibit 10.

Now, Debtor and Movant advise this Court – and others – that a global settlement agreement has been reached between them which resolves the Litigation, the involuntary bankruptcy appeal (and the state appeal, presumably, because the appellants in that case filed a notice with the First Court of Appeals that the case had been settled). However, that assertion is false: Respondent, the title owner to the Property, has not settled its dispute with Debtor or Movant. Any settlement agreement entered into with Respondent which seeks to affect, effect or

otherwise impair Respondent's interest or rights in and to the Property is unauthorized by Respondent.

Debtor and Movant are free to dismiss their Delaware District Court appeal. In fact, it is baseless and lacks any merit, anyway, and should be dismissed. However, Respondent objects to the entry of any orders validating the purported settlement agreement that would affect, effect, or impair Respondent's rights or interests in the Property.

WHEREFORE, premises considered, P.C.F. Properties in TX, LLC, Respondent, herein requests, that after notice and a hearing, this Court deny the Motion for Entry of Agreed Order Conditioning Automatic Stay [And Co-Debtor Stay] Regarding A Civil Proceeding Filed by (Docket No. 30), deny the alleged settlement agreement, and grant Respondent such other relief, both in law and in equity, to which Respondent may show itself justly entitled.

Respectfully submitted,

BARRY AND SEWART, PLLC


   /s/ John V. Burger
John V. Burger
Texas Bar No. 03378650
SD Id. No. 13176
Barry & Sewart, PLLC
4151 S.W. Frwy Suite 680
Houston, TX 77027
Tel:    713-722-0281
Fax:    713-722-8673
Email: john@barryandsewart.com
Email: bankruptcy@burgerlawfirm.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the forgoing was served to all parties in interest listed below by electronic delivery as allowed by the Federal and Local Rules of Bankruptcy Procedure and the and on the attached sheet by first class United States mail, postage prepaid, on or before the February 1, 2024.

James M. Andersen
PO Box 58554
Webster, TX 77598

      Via Email:    jandersen.law@gmail.com

Elizabeth Thomas Self Represented
712 H Street NE #1297
Washington D.C. 20002

And via email at:    elizthomas234@gmail.com and tethomas3@aol.com

        /s/ *John V. Burger*
        John V. Burger