UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Bankruptcy Case |
| | § | |
| **ELIZABETH THOMAS,** | § | **23-34971-H5-13** |
| | § | |
| Debtor | § | Chapter 13 |

**P.C.F. PROPERTIES IN TX, LLC'S MOTION TO VACATE AND/OR RECONSIDER AGREED ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND THE CO-DEBTOR STAY (DOCKET NOS. 47 and 48)**

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING.  YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY ONE DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME.  IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.  IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

## NOTICE OF HEARING

YOU ARE HEREBY NOTIFIED that, on March 14, 2024, at 1:30 PM, a hearing shall be conducted in Courtroom 403 on the 4th floor of the Bob Casey Federal Building at 515 Rusk, Houston, Texas  77002, to consider and act upon the P.C.F. PROPERTIES IN TX, LLC'S MOTION TO VACATE AND/OR RECONSIDER AGREED ORDER GRANTING RELIEF FROM AUTOMATIC STAY AND THE CO-DEBTOR STAY (DOCKET NOS. 47 and 48).

INFORMATON TO ATTEND A HEARING BY REMOTE ACCESS CAN BE FOUND AT: https://www.txs.uscourts.gov/page/united-states-bankruptcy-judge-jeffrey-p-norman

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now, **P.C.F. Properties in TX, LLC[1]**, Movant and objecting creditor, and files its Motion to Vacate and/or Reconsider Agreed Order Conditioning Automatic Stay and Co-Debtor Stay Regarding A Civil Proceeding Filed by (Docket Nos. 47 and 48), and for good cause, shows the following:

On January 31, 2024, Elizabeth Thomas, Debtor, and Co-Debtors, James Andersen, James Allen, Allan Haye, Robert Thomas, and a purported judgment creditor called "PCF Properties in Texas LLC, filed an agreed motion for relief from the automatic stay (Docket Nos. 30 and 38) to proceed with a civil action in the United States District Court of Delaware, pending under Case No. 23-CV-01047, styled , "*In re PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC*" which relates to orders denying Debtor and Do-Debtors' various motions filed in an involuntary bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Delaware,  under Case No. 23-10378-TMH-7.

This Court set an oral hearing on the motion for February 21, 2024, at 1:30 p.m.   On February 1, 2024, Movant filed its written objection to motion Docket No. (39).  On February 15, 2024, Debtor and Co-Debtors withdrew that motion.  Docket No. (46).

However, on February 15, 2024, Debtor and Co-Debtors filed their second agreed motion to lift the automatic stay, asserting again that they need to proceed with the Delaware District Court lawsuit to effectuate a settlement between the alleged parties to that lawsuit.  See Docket No. (47).

On February 16, 2024, this Court entered the Agreed Order Granting Relief from Automatic Stay and the Co-Debtor Stay.  See Docket No. (47).  Movant seeks relief from the Agreed Order Granting Relief from Automatic Stay and the Co-Debtor Stay

---

[1] Texas Secretary of State File No. 0800450156

**THERE IS NO SETTLEMENT AGREEMENT THAT**

**WOULD AFFECT TITLE TO MOVANT'S PROPERTY.**

The Debtor, Co-Debtors and a purported judgment creditor seek to vacate state court judgments and orders affecting title to real property Movants owns.  That property is commonly known as 8202 Terra Valley Lane, Tomball, TX 77375, and the title to the property was quieted in Movant on April 19, 2023, by the 80th Judicial District Court of Harris County, Texas, in Case No. 2020-35780, styled *James Allen, et al v. PCF Properties in Texas, LLC*, et al.    Additionally, Movant was awarded possession of the Property and monetary judgment in the amount of $10,000.00. Movant finally took possession of its Property on August 15, 2023.

Since April 19, 2023, Debtor has engaged in even more dilatory tactics to prevent Movant from taking possession of its property.  The Delaware involuntary bankruptcy case is simply one of those many, many tactics.

On August 15, 2023, Movant finally took possession of the property after nearly four (4) years of exhaustive litigation.  On November 16, 2023, Debtor and Co-Debtors, along with a whole cadre of other parties, were declared vexatious litigants.  Debtor and Co-Debtor, James Andersen, were sanctioned $50,000.00 as a direct result of the actions relating to the Property.

Debtor, Co-Debtors, and purported judgment creditor have represented to this Court, and other Texas state courts, that they have settled their disputes with respect to the Property's title, the state court judgments and orders.  The terms and conditions of any settlement have not been disclosed to this Court, the Debtor's creditors or to parties-in-interest in this case.

**THERE IS NO AGREEMENT WITH MOVANT.**

Debtor, Elizabeth Thomas, has been engaged in a 15-year legal battle to get a free house, which is the property located at 8202 Terra Valley Lane, Tomball, TX 77375.  This current set of

motion is part of that plan.  Movant and Debtor seek to lift or modify the stay with respect to two pending appeals:   The first is pending in the United States District Court for the District of Delaware under Case No. 23-CV-01047 – an appeal of the Delaware Bankruptcy Court's orders denying Movant and Debtor's request to remand a case improperly and ineffectively removed to the Delaware Bankruptcy Court (Docket No. 30); the second is a case pending in First Court of Appeals, Houston District, under Case No. 01-23-00331-CV (Docket No. 38), and *styled Elizabeth Thomas, et al v. PCF Properties in Texas LLC*.

### A.   Debtor, Co-Debtors are Misleading this Court (and Others)

Debtor, Co-Debtors and the purported judgment creditor have mischaracterized, misrepresented, and misled this Court about the nature of the relief they are requesting.  Debtor, Co-Debtor and others represented that a binding settlement agreement has been reached between Debtor, Co-Debtors James Andersen, Robert L. Thomas, James Allen, and Allan Haye[2], and the purported judgment creditor in which all claims are resolved.  **In fact, there is no such agreement with Movant.  Movant has not authorized any such settlement.  However, the alleged settlement agreement seeks to affect title to real property Movant purchased at a nonjudicial foreclosure sale conducted on March 3, 2020.**  A true and correct copy of the Trustee's Deed is attached hereto as Exhibit 1.

Debtor, Co-Debtors and an attorney named Alzadia L, Spires represents the Movant in Case No. 01-23-00331-CV, styled *Elizabeth Thomas, et al v. PCF Properties in Texas LLC*.  **That is false.  Alzadia Spires has no legal authority to represent Movant or enter into any agreement affecting Movant's interest or rights in that appeal, or the Property.**

---

[2] This Court may recall that Allan Haye filed a Chapter 11 Bankruptcy Case under Case No. 19-32662, in which this Court granted in rem relief to Debtor's lender.

       i.      *The Delaware Involuntary Bankruptcy and Appeal*

On March 30, 2023, Debtor, and others filed an Involuntary Bankruptcy Petition under 11 U.S.C. § 303 styled, "*In re PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC*" under Case No. 23-10378-TMH, in the United States Bankruptcy Court for the District of Delaware. The petitioning creditors in the Delaware Bankruptcy Case were the Debtor, James M. Andersen, Elizabeth Thomas, Robert L. Thomas, Allan A. Haye, and James Allen. A true and correct copy of the Involuntary Bankruptcy Petition is attached hereto, incorporated herein for all purposes and marked Exhibit 2.

The involuntary bankruptcy case was filed to stay state court litigation pending in the 80th Judicial District Court of Harris County, Texas, (the "District Court") under Case No. 2020-35780, and styled *James Allen, et al v. PCF Properties in Texas LLC, et al*, (the "Litigation"). The State District Court entered summary judgment validating the Trustee's Deed transferring title to Movant and quieting title to the Property. The sole ground for the Involuntary Bankruptcy Petition was that the alleged debtor company, "***PCF Investments, Inc***," a company with a similar name to Movant's parent or managing member, forfeited its corporate charter in 1993, and could not transact business and act as Respondent's parent company.[3] Movant, then, attempted to remove the State Court Litigation to the Delaware Bankruptcy Court.

The Involuntary Bankruptcy Petition was dismissed with prejudice on the petitioning creditors' motion on May 1, 2023, after the Delaware Bankruptcy Court determined that the petitioning creditors filed bankruptcy against the wrong company, which incidentally, had been

---

[3] Sadly, Debtor, Movant, and others are mistaken. Respondent's parent company, P.C.F. Investments, Inc., was incorporated under Delaware law in 2004 and is in good standing with the State of Delaware.

out of business for over 30 years and forfeited its corporate charter in 1993. A copy of the Dismissal Order is attached hereto as Exhibit 3.

Debtor and others filed a motion to reconsider the Dismissal Order, which the Delaware Bankruptcy Court heard and denied with prejudice on August 30, 2023. A copy of the Denial Order is attached hereto as Exhibit 4. The Delaware Bankruptcy clarified its reasons for denying the creditors' motion. Seen Exhibit 4A. The Delaware Bankruptcy Court also issued a Memorandum Order Denying Ex Parate (sic) Remand Motion on August 30, 2023, setting forth the many reasons why the involuntary bankruptcy case failed as a matter of law. A copy of the Memorandum Order is attached hereto as Exhibit 5.

Debtor and others have appealed the Delaware Bankruptcy Court orders to the United States District Court for the District of Delaware, which is pending under Case No. 23-CV-01047. That appeal is the subject of the Agreed Order that was entered by this Court.

Because the Delaware Bankruptcy Case was ineffective and improper from the beginning, the State District Court properly disregarded the ineffectively and improperly filed bankruptcy and entered summary judgment in Respondent's favor, quieting title to the Property in Respondent. A copy of the Summary Judgment, entered on April 19, 2023, is attached hereto as Exhibit 6.

   ii.      *Involuntary Bankruptcy was an Attempt to Stay the Litigation.*

Debtor and others filed the involuntary bankruptcy case to avoid entry of a judgment in Movant's favor in the Litigation. The District Court, though, properly disregarded the bankruptcy filing and entered the Summary Judgment in Movant's favor, quieting title to the Property and awarding Respondent a money judgment in the amount of $10,000.00, which to date remains

unpaid.  The judgment debtors appealed the Summary Judgment, which is pending in the Court of

Appeals, Houston District, under Case No. 01-23-00331-CV, and styled *Elizabeth Thomas, et al v.*

*PCF Properties in TX, LLC*.

    *iii.      Many, Many Lawsuits Filed by or on behalf of Elizabeth Thomas.*

       Debtor, Elizabeth Thomas purchased the Property in 2007. Since that time, she has engaged

in a 15-year legal campaign to avoid the lien on the Property.  Title to the Property has been the

subject of many, many lawsuits filed by Elizabeth Thomas and others, challenging the debt, the

mortgage, the foreclosure sale, the standing of the homeowner's association, and others.  Attached

hereto as Exhibit 7 is a non-exhaustive list of cases filed by Elizabeth Thomas or on her behalf, all

challenging title to the Property.  This list of cases does not include the volumes of pleadings in

the cases Elizabeth Thomas has filed, most of which are lengthy, incoherent, irrelevant, and

outright false, wherein Elizabeth Thomas intentionally misstates, mischaracterizes, and/or

misrepresents the effects of orders or judgments, or other relief to which she declares she is entitled.

Additionally, the list of cases does not include the number of times Elizabeth Thomas changed

case captions, the names of party-plaintiffs and/or defendants, misstated a party's legal position,

solely for the purposes of increasing litigation costs, confusion, delay, or otherwise to harass parties

to litigation, or files motions for sanctions against parties and/or their attorneys of record.

    *iv.      Movant Finally Evicted Debtor on August 15, 2023*.

       Respondent finally evicted Debtor and took possession of the Property on August 15, 2023,

after the District Court issued a writ of possession directing the Harris County Constable to seize

the Property, remove Debtor and all other occupants and their personal belongings.

       On that same evening, Debtor and those acting in concert with her illegally trespassed on

to, broke into, and gained entry to the Property and began moving her belongings back into it.

BAS200099 - Motion to Vacate Agreed Order (Docket No. 47 and 48),

Harris County Constables supervised the removal of Debtor's belongings, which included furniture and other personal belongings along with car keys and a laptop Debtor had been charging in the Property's kitchen.

Debtor broke into the Property again.   On the weekend of January 21, 2024, Debtor engaged a locksmith, broke into Respondent's Property, changed the locks and disabled Movant's security cameras.  Law enforcement officials issued a trespass warning to Debtor that her presence on the property was unauthorized.  She was instructed to vacate the premises. A copy of the Trespass Warning is attached hereto as Exhibit 8.

     *v.*     *Elizabeth Thomas and James Andersen have been declared Vexatious Litigants.*

The State District Court declared Elizabeth Thomas and James Andersen, and others acting in concert with them, vexatious litigants related to Respondent and the Property under Section 11.054 of the Texas Civil Practices and Remedies Code, as a direct result of their abusive tactics, A true and correct copy of the Vexatious Litigant Order is attached hereto as Exhibit 9.   Debtor and others have also been sanctioned for filing frivolous motions to disqualify the State District Court Judge, with a monetary award, another obligation that remains unpaid.  A true and correct copy of the Sanctions Order is attached hereto as Exhibit 10.   Additionally, Debtor and others have been sanctioned in the amount of $50,000.00, which also remains unpaid.  See, Exhibit 11.

Now, Debtor and others advise this Court – and others – that a global settlement agreement has been reached between them which resolves the Litigation, the involuntary bankruptcy appeal (and the state appeal, presumably, because the appellants in that case filed a notice with the First Court of Appeals that the case had been settled).  However, that assertion is false:

Movant, the title owner to the Property, has not settled its dispute with Debtor or any others with respect to the Property, the State Court Litigation, or any other matters. Any settlement agreement entered into with Respondent which seeks to affect, effect or otherwise impair Respondent's interest or rights in and to the Property is unauthorized by Respondent.

Debtor is free to dismiss the Delaware District Court appeal. In fact, it is baseless and lacks any merit, anyway, and should be dismissed. However, Movant objects to the entry of any orders validating the purported settlement agreement that would affect, effect, or impair Movant's rights or interests in the Property.

WHEREFORE, premises considered, P.C.F. Properties in TX, LLC, Movant, herein requests, that after notice and a hearing, this Court vacate the Agreed Order Conditioning Automatic Stay [And Co-Debtor Stay] Regarding A Civil Proceeding (Docket No. 47), deny the

alleged settlement agreement, and grant Movant such other relief, both in law and in equity, to which Movant may show itself justly entitled.

Respectfully submitted,

BARRY AND SEWART, PLLC

_/s/ John V. Burger_
John V. Burger
Texas Bar No. 03378650
SD Id. No. 13176
Barry & Sewart, PLLC
4151 S.W.  Frwy Suite 680
Houston, TX 77027
Tel:    713-722-0281
Fax:    713-722-8673
Email: john@barryandsewart.com
Email: bankruptcy@burgerlawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the forgoing was served to all parties in interest listed below and on the attached service list by electronic delivery as allowed by the Federal and Local Rules of Bankruptcy Procedure or by first class United States mail, postage prepaid, on or before the February 16, 2024.

James M. Andersen
PO Box 58554
Webster, TX 77598          Via Email:      jandersen.law@gmail.com

James Allen, Pro Se
256 Andover Dr
Doraville, GA  30360        Via Email: jamesallendthegreat74@gmail.com

Robert L. Thomas, Pro Se
3400 Cypresswood
Houston, TX 77070          Via Email: Robert9thomas@yahoo.com

Elizabeth Thomas, Pro Se
712 H Street NE #1297
Washington D.C. 20002   And via email at:      elizthomas234@gmail.com and tethomas3@aol.com

Omar Perez, Pro Se
2711 Centerville Rd
Wilmington, DE 19808        Via Email: pcfpropertiesintexasllc456@gmail.com

Alzadia Spires, Esq
7515 Spring Cypress Rd #C602
Cypress, TX 77429          Via Email: alzadia@spireslawfirm.com


 /s/ *John V. Burger*
John V. Burger

BAS200099 - Motion to Vacate Agreed Order (Docket No. 47 and 48),