**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re: ELIZABETH THOMAS**<br>**Debtor**<br><br>―――――――――――――――――<br>**Elizabeth Thomas**<br>　　　　　　*App***ellants**<br>**vs.**<br><br>**PCF Investment Inc a/k/a PCF Properties in**<br>**Texas  LLC.**<br>　　　　　　*Apellees*<br>――――――――――――――――― | **Case No. 23-34971 (JPN)**<br>**(Chapter 13)** |

**RESPONSE AND OBJECTION TO P.C.F. PROPERTIES IN TX LLC. MOTION TO VACATE ORDER LIFTING THE STAY [DOC. 47 AND 48].**

TO THE HONORBALE JUDGE JEFFREY P, NORMAN U.S.B.J.

COMES NOW, Debtor Elizabeth Thomas, and Co-Debtors James M. Andersen, ("collectively the Debtor and Co-Debtor") files this Response and Objection to **P.C.F.** PROPERTIES IN TX LLC., Motion to Vacate (the "Motion"), this court Order Lifting the Stay [Doc. 47 and 48], in order  to proceed in an  pending bankruptcy appeal in the U.S. District Court of Delaware due to their total lack of standing and for cause shows the court as follows:

## INTRODUCTION

According to the Texas Secretary of State the correct spelling of record for **P.C.F.** PROPERTIES IN TX LLC., a Texas Limited Liability Company is as in **_all caps_** with **_dots_** proceeding the letters **P.C.F.** **Ex.** 1. Absence the **_dot_**s proceeding each letter after **PCF** and the use of lower case letters such as PCF Properties in Texas LLC., creates a whole separate and distinct unrelated entity from **P.C.F.** PROPERTIES IN TX LLC,  that  is not a Texas Limited Liability Company and instead has no legal existence with the   Texas Secretary of State. **Ex**. 2. The Texas Secretary of State Administrative § 79.32(b) and (d) provides that the secretary of

state will recognizes the use of upper and lower case letter in the presentation of entity name and the symbols recognized as a part of the name include …………dots.  This is of significant before the court so as to recognized that Movant **P.C.F.** PROPERTIES IN TX LLC, a Texas limited Liability Company and Creditor PCF Properties in Texas LLC, which is **_not_** a Texas limited liability company according to the Texas Secretary of State are not one and the same entity.

Since June of 2023, Courts have ruled and Clerks of Courts have advised John V. Burger and the Barry & Sewart PLLC., law firm that they simply cannot enforce a judgment for P.C.F. PROPERTIES IN TX LLC., a Texas limited liability company, is not named as a party too.   Additionally Judges, have ruled and Clerks of Courts have advised, John V. Burger and the Barry & Sewart PLLC., law firm that they cannot simply intervene in a case for which P.C.F. PROPERTIES IN TX LLC., a Texas limited liability company has been non-suited from as a defendant having filed no counter-claims or sought any affirmative relief prior to by merely changing the caption of the case from designated named defendant PCF Properties in Texas LLC, to Non-suited P.C.F. PROPERTIES IN TX LLC. This grossly improper and not allowed under any rule in the Tex. R. of Civ. P.

## A. P.C.F. PROPERTIES IN TX LLC, IS NOT NAMED AS PARTY TO THE DELAWARE BANKRUPCTY PROCEEDINGS OR APPEAL PENDING IN THE U.S. DISTRICT COURT OF DELAWARE.

**P..C.F.**. PROPERTIES IN TX LLC., has filed a Motion before this Court seeking affirmative relief  in that this court vacate or reconsider its order lifting the stay {Doc. 47], so as the debtor, co-debtors and creditor can pursue remediies in a pending bankruptcy appeal in the U.S. District Court of Delaware on the grounds that (i) there is no settlement agreement ((ii) there is no agreement with **P..C.F.**. PROPERTIES IN TX LLC.,(iii) Debtor, Co-Debtors Misleading the Court as the Delaware Involuntary bankruptcy  and bankruptcy Appeal (iv) Debtor Elizabeth

Thomas filed many lawsuits  (v) Movant Eviction of August 15, 2023, and (vi) Elizabeth Thomas sand James M. Andersen have been declared vexatious litigants.

However **P..C.F.**. PROPERTIES IN TX LLC, has never been named as Debtor or Creditor in the Chapter 7 bankruptcy petition filed on March 30, 2023, ("Petition Date") in the U.S. Bankruptcy Court cause No. 23-10378-(TMH), or named as party in the adversary proceedings ("Notice of Removal), or party in the pending appeal in the U.S. District Court of Delaware of the bankruptcy court August 30, 2023 orders to wit:

On March 30, 2023, Plaintiffs James Allen, Allan Haye and Robert L Thomas amended petition (the "Live Pleadings" and parties before the 80th District Court, Harris County Texas  in the case styled as *James Allen, Robert L. Thomas, and Allan Haye v. PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC v. Elizabeth Thomas, James M. Andersen,* under cause No. 2020-35780. *See*: **Ex**. 3

On March 30 2023, James Allen, Allan Haye, Robert L. Thomas, James M. Andersen Elizabeth Thomas, filed an Involuntary Chapter 7 Bankruptcy Petition (Petition Date") placing *PCF Investment Inc. a/k/a PCF Properties in Texas LLC.,* in the United States Bankruptcy Court the District of Delaware in Case No. 23-10378-(TMH) invoking *the* automatic stay under 11 U.S.C. § 362(a *) ; See*: **Ex**. 4.

On March 30, 2023, James M. Andersen,  filed a "Notice of Removal"  with the Clerk of Court in the United States Court of Delaware in Case No. 23-10378-(TMH) removing the 80th District Court, Harris County Texas case styled as *James Allen, Robert L. Thomas, and Allan Haye v. PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC v. Elizabeth Thomas, James M. Andersen,* under cause No. 2020-35780 as a adversary proceeding into the bankruptcy court and filed a copy of the Notice of Removal with the Clerk of the 80th District Court. **Ex.** 5

On May 1, 2023, when the Honorable Judge Thomas M. Horan U.S.B.J., of the U.S. Bankruptcy Court in Delaware granted the Petitioning Creditors *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen* Emergency Motion and Amended Motion Dismiss the Involuntary Petition and or Relief from Bankruptcy Stay in the case styled as In re PCF Investments Inc., a/k/a PCF Properties in Texas LLC., under Case No. 23-10378-TMH due to lack of service of the summons and involuntary petition on the debtors. **Ex**.6.

On July 26, 2023, Danielle N. Jimenez the 80th District Court ***Master Clerk***, sent a email to  Ms. Amanda Hrycak, the Judicial Assistant to the Honorable Thomas M. Horan U.S.B.J., assigned to the case styled as *In re PCF Investment Inc., a/k/a PCF Properties in Texas LLC.,* in the U.S. Bankruptcy Court of Delaware under  cause No. 23-10378 and informed the Court that same parties in their case under cause No. 23-10378: which *were Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen vs. PCF Investment Inc., a/k/a PCF Properties in Texas LLC*, also have a ongoing case in the 80th District Court. .**Ex**. 7..

On August 30, 2023, the Honorable Thomas M. Horan U.S.B.J.,  in the case styled as *In re PCF Investment Inc., a/k/a PCF Properties in Texas LLC.,* in the U.S. Bankruptcy Court of Delaware under  cause No. 23-10378, denied *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen*  (i) Motion to Reopen (ii)Motion to be relief from a Judgment and (iii) Motion for Remand Order in regard to the adversary complaint. Movants Exhibits 4, 4A and 5.

**P..C.F.**. PROPERTIES IN TX LLC, is not named as party to any of the bankruptcy courts three (3) orders subject to appeal. Nor is **P..C.F.**. PROPERTIES IN TX LLC, is named as a party to the bankruptcy august 30, 3033, adversary proceeding having failed to  filed a Motion

to Intervene. Fed. R. Civ. P. 24, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7024, governs a motion to intervene. Subpart (a) of the rule addresses the motion where the movant asserts that there is a right to intervene and subpart (b) addresses the motion where the movant does not assert a right to intervene but requests permission to intervene anyway.

On September 12, 2023, debtor Elizabeth Thomas filed a Notice of Appeal, in the  U.S. District Court District of Delaware (Wilmington) under cause No. 23 CV 01047 appealing the August 30.2023 denial to (i) Motion to Reopen (ii) Motion to be relief from a Judgment and (iii) Motion for Remand Order, and named herself as the Appellant and PCF Investments Inc., a/k/a PCF Properties in Texas LLC as the Appellees. **Ex**.8.  *In re Leaf Tobacco Bd. of Trade of N.Y.*, 222 U.S. 578, 581 (1911) (per curiam) ("One who is not a party to a record and judgment is not entitled to appeal therefrom.").

   **P..C.F.**. PROPERTIES IN TX LLC, is not as named as a party to the pending bankruptcy appeal in the U.S. District Court of Delaware and has not filed a timely motion to intervene in said appeal. Fed. R. Civ. P. 24. Instead  **P..C.F.**. PROPERTIES IN TX LLC, having no standing to be heard in bankruptcy appeal pending in the U.S. District Court of Delaware is seeking to litigate the matters and issued pending on appeal in the federal court before this court bankruptcy Court.   However Debtor Thomas filed a Notice of Appeal from the August 30, 2023 bankruptcy orders an appealable order divests the lower court of jurisdiction over issues related to the appeal."); ; *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify appealed order).

### ARGUMENT AND AUTHORIES

   P.C.F. PROPERTIES IN TX LLC., lacks standing to be heard in bankruptcy appeal pending in the U.S. District Court of Delaware as they are not a party to the bankruptcy

proceedings regarding the adversary proceeding or a party the any of the three (3) bankruptcy Court August 30, 2023, orders which sought "new relief" by seeking to have the adversary proceeding..  The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." _Marino v. Ortiz_, 484 U.S. 301, 304 (1988) (per curiam); see also Fed. R. App. P. 3(c) ("The notice of appeal must * * * specify the party or parties taking the appeal.") (emphasis added).  The Supreme Court has repeatedly confirmed this bedrock rule. See _Karcher v. May_, 484 U.S. 72, 77 (1987) ("[W]e have consistently applied the general rule that one who is not a party or has not been treated as a party to a judgment has no right to appeal there from."); _In re Leaf Tobacco Bd. of Trade of N.Y._, 222 U.S. 578, 581 (1911) (per curiam) ("One who is not a party to a record and judgment is not entitled to appeal therefrom.").

 Because  P.C.F. PROPERTIES IN TX LLC.,  lack standing in the heard in bankruptcy appeal pending in the U.S. District Court of Delaware, they cannot litigate matters and issues pending in said appeal before this bankruptcy court. Appellant Thomas on September 12, 2023, filed a Notice of Appeal in the  U.S. District Court of Delaware  and pursuant to also Fed. R. App. P. 3(c) named the Appellees as PCF Investments Inc., a/k/a PCF Properties in Texas LLC. The of the filing of Appellant Thomas on September 12, 2023,  notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the [appellate court] and divests the [bankruptcy  court ] of its control over those aspects of the case involved in the appeal." _Griggs v. Provident Consumer Discount Co._, 459 U.S. 56, 58 (1982) (per curiam).

 Debtor Thomas September 12, 2023, notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal**.** _In re Bialac_, 694 F.2d 625 (9th Cir. 1982); _In re Health Care Prods._, 169 B.R. 753, 755 (M.D. Fla.

1994) ("Filing a Notice of Appeal from an appealable order divests the lower court of jurisdiction over issues related to the appeal."); ; _In re Neuman_, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify appealed order); _In re Maurice_, 179 B.R. 881 (Bankr. N.D. Ill. 1995) (bankruptcy court lacks authority to provide guidance or modify order pending appeal); _In re Commodore Corp._, 87 B.R. 62 (Bankr. N.D. Ind. 1987) (no jurisdiction "to anything that impacts on any issue or matter under appeal").

More importantly is the fact that P.C.F. PROPERTIES IN TX LLC, was named in the Debtor or Co-Debtors filing of March 30, 2023, Involuntary Chapter Petition for PCF Investments Inc., a/k/a PCF Properties in Texas LLC in the U.S. Bankruptcy Court of Delaware under cause No. 23-10378-(TMH), as such was never party to this bankruptcy. Again P.C.F..PROPERTIES IN TX LLC and PCF Properties in Texas LLC, are not one and the same entity. Nor is P.C.F..PROPERTIES IN TX LLC., named as party to Co-Debtor Andersen March 30, 203, Notice of Remove ("Adversary Proceedings") removing the case styled as _James Allen and Allan Haye vs. PCF Investments Inc., its subsidiary PCF Properties in Texas LLC., vs. Elizabeth Thomas and James M. Andersen_ from the 80th District Court, Harris County Texas to the bankruptcy court . Indeed on July 26, 2023 the 80th District Court **_Master Clerk_**  herself informed Ms. Amanda Hrycak, the Judicial Assistant to the Honorable Thomas M. Horan U.S.B.J.,  that the same exact parties named above in the bankruptcy court proceedings are the same parties in the 80th District Court for which  P.C.F..PROPERTIES IN TX LLC., is not named as a party to and is instead a stranger to.

### B.  **P.C.F. PROPERTIES IN TX LLC, IS NOT NAMED AS PARTY TO THE 80TH DISTRICT COURT STATE COURT CASE.**

Since June of 2023, Courts have ruled and Clerks of Courts have advised John V. Burger and the Barry & Sewart PLLC., law firm that because P.C.F. PROPERTIES IN TX LLC., is not

named as a party of record to the underlying proceeding in they not a party to the appeal in the First Court of Appeals challenging  the 80th District Court August 19, 2023 judgment as follows:

On February 18, 2022, the 80th District Court signed the Plaintiffs James Allen, Allan Haye and Robert L Thomas, non-suit order non-suiting any and all claims against P.C.F. PROPERTIES IN TX LLC, thereby removing them as the defendant in lawsuit as they had filed no counter-claims or sought any affirmative relief prior to. **Ex**. 9.

The purpose of the non-suit was to cure any discrepancies or ambiguities as the defendant in the case again P.C.F. PROPERTIES IN TX LLC., is a Texas limited liability company and Defendant PCF Properties in Texas LLC, which is not a Texas limited liability company. These two similar named entities are unrelated separate and distinct entities. **Ex**. 1 and  2.

On March 30, 2023, Plaintiffs James Allen, Allan Haye and Robert L Thomas amended petition (the "Live Pleadings") and parties before the 80th District Court, Harris County Texas  in the case styled as *James Allen, Robert L. Thomas, and Allan Haye v. PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC vs. Elizabeth Thomas, James M. Andersen,* under cause No. 2020-35780.: **Ex**. 3.

On April 19, 2023, while *PCF Investments Inc., its subsidiary PCF Properties in Texas, LLC,* was subject to the March 30, 2023 bankruptcy stay in the Bankruptcy Court in Delaware the 80th District Court granted *PCF Properties in Texas LLC.*, Motion for summary judgment on its counter-claims for declaratory judgment, quiet title and trespass to try title against James Allen however the order includes  Allan Haye, Robert L. Thomas, James M. Andersen and Elizabeth Thomas. [Parent PCF Investment Inc was omitted from order.  **Ex.** 10.

1. **Harris County District Clerk Marilyn Burgess CERTIFIES THAT P.C.F. PROPERTIES IN TX LLC is Not the Appellee of Record**.

On May,4, 2023,  Elizabeth Thomas,(the "Appellant"), timely filed a notice of appeal from

the trial court's April 19, 2023 final judgment in favor of Appellee  PCF Properties in Texas LLC. [James Allen, Allan Haye, Robert Thomas, and James Andersen also later filed notice of appeals].  **Ex** 11.

On May 4, 2023, Appellant Elizabeth Thomas, filed her "First Request for Trail Court Records" with the Clerk in Harris County Post Civil/Family Trial Division in the case styled James Allen and Allan Haye vs. PCF Investment Inc, its subsidiary PCF Properties IN TX.LLC, vs Elizabeth Thomas et al., in the 80th District Court Cause No, 2020-35780.

On June 16, 2023, Harris County District Clerk Marilyn Burgess Deputy Clerk Angela Cedillo filed a certified copy of trial court record for the 80th District Court with the Clerk of the First Court of Appeals at Houston and swore under their oath that the Appellees in the underlying appeal is PCF *Investments Inc., its subsidiary PCF Properties in Texas LLC*.

On August 15, 2023, Donna King the Court Reporter for the 80th District Court, prepared and delivered to the First Court of Appeals a certified copy of the March 22, 2023, hearing transcript in the case styled as James Allen and Allan Haye vs. PCF Investment Inc, its subsidiary PCF Properties IN TX.LLC, vs Elizabeth Thomas et al., in the 80th District Court Cause No, 2020-35780. **Ex.** 12.

## 2. *The Justices of the First Court of Appeals of Houston has Ruled P.C.F. PROPERTIES IN TX LLC is not named as a Party of Record in  the Underlying 80th District Court Case.*

The Justices of the First Court of Appeals of Houston has issued two (2) *per curiam* orders which clearly evidences that Non-suited P.C.F. PROPERTIES IN TX LLC, is not named as a party of record or a party to the underlying case under cause No. 2020-35780, in the 80th District Court of Harris County, Texas.  On June 1, 2023, the First Court of Appeals, of Houston Texas  issued a ***per curiam***  decision in the case  styled as *James Allen, Allan Haye, Robert L.*

Thomas and James M. Andersen ("*Relators*") under cause No. *01-23-00226-CV* which in pertinent part ordered that the parties to the underlying case are: *James Allen, Robert L. Thomas, and Allan Haye v. **PCF Properties in Texas, LLC** v. Elizabeth Thomas, James M. Andersen, and JPMorgan Chase Bank, N.A.*, Cause  No. 2020-35780, in the 80th District Court of  Harris County, Texas. . *See*: **Ex** 13..

On September 26, 2023, the First Court of Appeals, of Houston Texas issued a **_per curiam_ order** in the case styled as In re Jasmine Jarbis *("Relators")* under cause No.  01-23-00678-CV denying her writ of mandamus as she is not named as a party of record and ordered the parties to the underlying case are *James Allen, Robert L. Thomas, and Allan Haye v. **PCF Properties in Texas, LLC** v. Elizabeth Thomas, James M. Andersen, and JPMorgan Chase Bank, N.A.*, Cause No. 2020-35780, in the 80th  District Court of  Harris County, Texas. *See*: **Ex** 14.  The Real Party in Interest in both proceedings was PCF Properties  in Texas LLC. According to the First Court of Appeals **P.C.F. PROPERTIES IN TX LLC,** is not a party to the underlying action and thus, do not have appellate standing. Appellate standing is typically afforded "***only*** to parties of record." *See*: *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724-725 (Tex. 1965).

### 3. _John V. Burger and Barry & Sewart PLLC, Removal as Counsel For Appellee PCF Properties in Texas LLC, im the  First Court of Appeals_

John V. Burger and the Barry & Sewart PLLC., **_knowing_** that Non-Suited P.C.F. PROPERTIES IN TX LLC, is not a party of record as such lacks appellate standing has been fraudulently attempting to  litigate on behalf of Non-Suited P.C.F. PROPERTIES IN TX LLC, threw the Appellee PCF Properties in Texas LLC, until caught.

On October 31, 2023, Appellants James Allen and Robert L. Thomas filed a Motion to Show Authority as they believed Attorney John V. Burger and Barry & Sewart PLLC., law firm were prosecuting the appeal without the consent of Appellee *PCF Properties in Texas LLC.*

On November 29, 2023, John V. Burger and Barry & Sewart PLLC., filed what was labeled as "PCF PROPERTIES IN TEXAS LLC APPELLEE BRIEF" which in substance only raises new unpreserved claims on behalf of Non-Ssuited P.C.F. PROPERTIES IN TX LLC.,and ignored the Appellants Motion to Show Authority.

On December 26, 2023, one of Appellee *PCF Properties in Texas LLC*, managing members Omar Perez, informed the Clerk of Court Deborah M. Young for the First Court of Appeals that John V. Burger does not represent the Appellee PCF Properties in Texas LLC, and request that the record reflect that the Appellee is not represented by John V. Burger or the Barry & Sewart PLLC., law firm.: **Ex.** 15.

On December 27, 2023, Omar Perez, one of managing members Omar Perez, in response to the Motion to Show Authority, filed a declaration with the court of appeals denying having retained the legal services of John V. Burger and Barry & Sewart PLLC., law firm or authorized the filing of lawsuit or brief. *See*: **Ex** 16.

On December 28, 2023, Attorney John V. Burger received an Automated Case Update from First Court of Appeals which states: The Following are actions taken by the First Court of Appeals in cases in which you have requested notice. Occasionally you may receive email alerts with links that do not show a filing or development in the case. These email alerts are triggered mostly by 'housekeeping' in case files as clerks make minor changes in  the files or even by simply opening them: Case Number: 01-23-00331-CV *Elizabeth Thomas, James Allen, Allan Haye, Robert Thomas, and James Andersen vs PCF Properties in TX, LLC.* **Ex** 17.

On January 14, 2024, Attorney Alzadia Spires of the Spires Law Firm made appearance in the First of Appeals as counsel of record for Appellee PCF Properties in Texas LLC. **Ex.** 18.

**4.  The Clerks of the First Court of Appeals**

The Clerks of the First Court of Appeals have consistently held that there is **_no party_** by the name of P.C.F. PROPERTIES IN TX LLC  associated with the appeal under cause No. 01-23-00331-CV,   and the parties should refer to the court's docket for the designated parties to the appeal and the courts certificate of services which confirms services of filings are **_only_** upon those parties associated with the case i.e., Associated Case Party: PCF Invesntment Inc., Its Subsidary PCF Properties LLC.  **Ex. 19.**

Additionally the Clerks of the First Court of Appeals of Houston confirmed that they have recognized that there is a distinct unrelated separateness between the two similar named entities P.C.F. PROPERTIES IN TX LLC., a Texas limited liability company and the Appellee *PCF Properties in Texas LLC,* whom is **_not_** a Texas limited liability company [managing member Omar Perez].  All appeals related to P.C.F. PROPERTIES IN TX LLC, is docketed  **_in all caps_** and with the **_dots_**, proceeding each letter i.e. **P.C.F.**  as its the dots and all caps is what  separates the two similar named entities.  **Ex.  20.**

**5.  _Judge  of the Eleventh Administrative Judicial Region of Texas P.C.F. PROPERTIES IN TX LLC is not named as a Party to the Underlying 80th District Court Case._**

In June of 2023, *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen* filed a "Motion to Recuse" the judge in the 80th District Court for setting hearings on motions filed by John V. Burger on behalf of Non-suited P.C.F. PROPERTIES IN TX LLC., as means to attempt to reinstate Non-Suited P.C.F. PROPERTIES IN TX. LLC, back into the lawsuit more than 90 days after the April 19, 2023, judgment by merely changing the caption of the case.   The court denied the recusal and the Motion was sent to Honorable Administrative Judge Susan Brown.  On June 15, 2023, the Honorable Administrative Judge Susan Brown of the Eleventh  Administrative  Judicial  Region  of  Texas,  denied  the  motion  to  recuse  but  the

administrative court issued a memo and confirmed that the parties in the 80thDistrict Court under cause No. 2020-35780 are:   *James Allen, et al vs PCF Investments Inc., et al vs Elizabeth Thomas et al.* **Ex.** 21.

John V. Burger ignored the Honorable Administrative Judge Susan Brown June 15, 2023 order by continuing to file motions and pleadings in the 80th District Court in the name of Non-Suited P.C.F. PROPERTIES IN TX. LLC, a non-party to the case. As such is it was understood that a motion to recuse would be filed and when Judge Manor declines and forward the recusal motion to the administrative judge it would be held unanswered.

On August 10, 2023,  and on November 16, 2023,  Judge Manor again set a hearings on these two (2) Motion filed by John V. Burger, on behalf of Non-Suited P.C.F. PROPERTIES IN TX. LLC, which no one attends.  Motions to Disqualify/Recuse Judge Jeralynn Manor were filed on  August 10, 2023, and November 16, 2023, whom declined to recuse herself voluntarily and referred both MotionsEXHIBIT-23- to be heard by Presiding Judge of the Eleventh Administrative Judicial Region for assignment of a judge to hear the motion. **Ex.** 22 and 23.

These two motion are still pending before Presiding Judge of the Eleventh Administrative Judicial Region for assignment of a judge to hear said motions. Judge Manor signed both the August 10, 2023 motion and November 16,2023, Motions while a Motions to Disqualify/Recuse. motions are still pending to be heard.  Texas Rule of Civil Procedure 18a(c) requires a judge who declines to recuse to forward the recusal motion to the presiding judge of the administrative judicial region. Judge Manor did this.  However, Rule 186a(c) further requires that the trial judge may make no further orders and take no further action prior to a hearing on the forwarded motion any such action is void. These two orders are "void" because it was signed in violation of Rule 18a. *See:  Hudson v. Tex. Children's Hosp.*, <u>177 S.W.3d 232, 236-37</u> (Tex. App.-Houston [1st

Dist.] 2005, no pet.). Trial court should not have taken action until the forwarded recusal motion was heard pursuant to Texas Rule of Civil Procedure 18a(d). *See*: *Peter J. RIGA and Michael Easton, Appellants, v.Commission for Lawyer Discipline,* 224 S.W.3d 795 (Tex. App. 2007). Additionally Judge Manor signed orders and/or judgment in favor of  Non-Suited P.C.F. PROPERTIES IN TX LLC., whom is neither a plaintiff or defendant in the lawsuit as such a order or judgment may not be rendered in its favor. *Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex.1991)(judgment may not be granted in favor of a party not named in the suit as a plaintiff or a defendant)

### C.  NO COURT OF LAW AWARDED ANYTHING TO P.C.F. PROPERTIES IN TX LLC.

On April 19, 2023, the 80th District Court granted Defendant PCF Properties in Texas LLC, motion for summary judgment on its counter-claims. The judgment includes an order that upon Defendant PCF Properties in Texas LLC, request the Harris County Clerk is to issue a "Writ of Possession" for the property located at 8202 Terra Valley Lane, Tomball Tx. 77375.

On April 30, 2023., Attorney John Burger tried to get the Harris County Deputy Clerks in the Post Civil Trial Division to falsify a State of Texas "Writ of Possession" by issuing it in the name of Non-Suited P.C.F. PROPERTIES IN TX LLC, instead of the defendant PCF Properties in Texas LLC.,   named in the April 19, 2023  judgment. **Ex**. 24..

Instead On May 8 2023, Marilyn Burgress District Clerk Harris County, Texas Deputy Clerks in the Harris County Post Civil/Family Trial Division issued a "Writ of Possession" by the State of Texas in Cause No. 2020- 35780, for the 80th District Court to the Sheriff or any Constable of Any County within the State of Texas, to take possession of the property  located at 8202 Terra Valley Lane, Tomball Tx. 77375 from James Allen and Allan Haye  and deliverer id to the Defendant PCF Properties in Texas LLC, . **Ex.** 25..  Rule 629 of the Texas Rules of Civil

Procedure mandates that a "Writ of Execution/Possession" **_must_** be in name of the parties in whose favor the judgment was rendered.

Tex. R. Civ. P. 629, also mandates that a writ **_must_** be returnable to the court within 30, 60 or 90 days. Accordingly, the May 8, 2023, writ was only good for a maximum of 90 days from the date it was issued and once expired would need to be reissued.

The May 8, 2023, the State of Texas "Writ of Possession" tracking No. 74155838, was delivered **to** Deputy Constable Gonzales at the Mark Herman Constable Office at Precinct Four on May 17, 2023, by a Deputy Constable (a runner) from Harris County Precinct One Commissioner Rodney Ellis at Precinct One. However since the  was  not executed within 90 days of May 8, 2023, it expired on  August 7, 2023, no longer having any legal force or effect.



On August 15, 2023, Deputy Constable Roman Ruiz falsified and altered the delivery date on the expired May 8, 2023; State of Texas "Writ of Possession" from May 17, 2023, to August 15, 2023 thereby issued State of Texas "Writ of Possession" himself and delivered it to himself all without having any legal authority from a court of law to do so.

CONSTABLE FEES IN THE AMOUNT OF $125.00 WERE PAID ON RECEIPT #952711 TO MARILYN BURGESS, HARRIS COUNTY DISTRICT CLERK.

CAUSE NO. 2020-35780
TR# 74155838

Ex. 26.

This has sparked a criminal investigation. The Deputy District Clerks in the Harris County Post Trial Division has informed law enforcement that no District Clerk issued said

August 15, 2023, "Writ of Possession" on behalf of any court of law in Harris County District Court. Falsifying a state court government document is a criminal offense.

On December 18, 2023, the Honorable Judge Damiane D. Curvey of the  280th District Court, Harris County, Texas (Confidential "Protection Order Court"), in matter of *Elizabeth Thomas vs. Tony Halaris a/k/a P.C.F. PROPERTIES IN TX LLC,* under case No. 2023-85745, has issue a Temporary Ex Parte Protection Order [which has been renewed], which grants Ms. Thomas and other parties possession to the property located at 8202 Terra Valley Lane, Tomball Tx., 77375, and orders that Tony Halaris a/k/a/ P.C.F. PROPERTIES IN TX LLC, is not to interfere with Ms. Thomas possession of the property and is to stay 200ft away from said property.

### D.  THE COURTS HAVE ALREADY RULED THAT P.C.F. PROPERTIES IN TX LLC HAS NO TITLE OR INTEREST IN SAID PROPERTY AT ISSUE.

On March 19, 2020,P.C.F. PROPERTIES IN TX LLC., filed a "Forcible Detainer" action against Elizabeth Thomas or All Other Occupants for possession of the   property located at 8202 Terra Valley  Lane Texas 77375 in the Justice of the Peace Court Precinct 4, Place 1 Cause No. 1156772,. **Ex**. 27.

P.C.F. PROPERTIES IN TX LLC alleged that March 3, 2020, its counsel Anna Sewart the alleged "substitute trustee" foreclosed on a "Deed of Trust"  to beneficiary Flagstone Lending Group a Utah Corporation ***formerly*** recorded in the Public Harris County Real Property Record, *under instrument* No. 20070643669.

Ms. Thomas responded and argued that said Deed of Trust has been recorded as release effective **December 27, 2016**, and no longer has any legal force or effect. Below is a snapshot visual showing said Deed of Trust listed in the property records as Release ("REL"). **Ex**. 28.

1 Record(s) Found.

| File Number | File Date | Type Vol Pg | Names | Legal Description | Pgs | Film Code |
|---|---|---|---|---|---|---|
| RP-2018-76715 | 02/23/2018 | REL | Grantor ANDERSEN JAMES M TRE<br>Grantor THOMAS ELIZABETH<br>Grantee FLAGSTONE LENDING GROUP | Desc: MIRAMAR LAKE<br>Sec: 3<br>Lot: 25<br>Block:2<br>Related Docs: RP-2016-577139 | 3 | RP-2018-76715 |

On July 13, 2020, the Honorable Judge Lincoln, held a non-jury trial and ruled that .

on March 3, 2020, Ana Sewart  the alleged substitute trustee had no power to transfer title of the

property to P.C.F. PROPERTIES IN TX LLC.,  because the Deed of Trust is recorded as release

no longer has any legal force or effect. Therefore P.C.F. PROPERTIES IN TX LLC., could

not have obtained title or color of title from the substitute trustee. See *Martin v. Cadle* Company,

133 S.W.3d 897 (Tex. App.- 2004 Precedential) and the court awarded possession of said

property to Elizabeth Thomas and James Allen. **Ex.  29.**

   P.C.F. PROPERTIES IN TX LLC., appealed the Honorable Judge Lincoln July 13, 2020,

decision in cause No. 1156772 decision to the County Civil Court at Law No. 3 under cause No.

1156772, before the Honorable Judge LaShawn A. Williams.  On August 26, 2020the Honorable

Judge LaShawn A. Williams ruled in favor of James Allen and granted his motion to dismisse**d**.

30.  On October 26, 2020 the Honorable Judge LaShawn A. Williams issued sanctions P.C.F.

PROPERTIES IN TX LLC, for frivolous filing. **Ex**. 31.

### ARGUMENT AND AUTHORIES

A.     **P.C.F. PROPERTIES IN TX LLC**, **lacks Article III Standing and** <u>***Section***</u>
<u>***1109(b)'s "Party in Interest" Standing.***</u>

        The Supreme Court has repeatedly recognized that before a federal court can exercise its

judicial power over any dispute, there must be a justiciable case or controversy as required by

Article III. <u>*Lujan v. Defenders of Wildlife*</u>, 504 U.S. 555, 590 (1992); <u>*Friends of the Earth, Inc. v.*</u>

<u>*Laidlaw Environmental Services (TOC), Inc*</u>., 528 U.S. 167, 212 (2000) ; <u>*Allen v. Wright*</u>, 468

U.S. 737, 751 (1984).  Courts use standing to determine whether a party has a protected interest

in the matter and is entitled to be **_heard_** on particular issues.  *Elk Grove Unified Sch. Dist. V. Newdow,* 542 U.S. 1 (2004) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975). In all federal cases, including **_bankruptcy proceedings_**, parties must satisfy Article III standing requirements. Constitutional standing has three elements: (i) the plaintiff must have sustained an "injury in fact," that is "concrete," "distinct and palpable", and "actual or imminent" *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990);  (ii) the injury must be traceable to the defendant's action, (i.e., there must be a causal connection between the two); and (iii) a ruling in favor of the plaintiff will likely redress the injury. *19 Court Street Assocs., LLC v. Resolution Trust Corp.* (*In re 19 Court Street Assocs., LLC*) 190 B.R. 983, 991 (Bailiff. S.D.N.Y. 1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, (1992)).

Here P.C.F. PROPERTIES IN TX LLC has failed to satisfy Article III standing requirements to be entitled to be **_heard_** or object to Court granting the Debtor, Co-Debtors and Creditor Agreed to Motion Lifting the Stay to continue with an bankruptcy appeal pending in the U.S. District Court of Delaware. P.C.F. PROPERTIES IN TX LLC, is not named as a party to the Delaware Bankruptcy proceeding or August 30, 2023, orders subject to appeal, **P.C.F**., has not demonstrated before the court how they have sustained an "injury in fact," that is "concrete," "distinct and palpable", and "actual or imminent in regard to the bankruptcy appeal.  **P.C.F.,** has not shown an injury traceable to the debtor,  co-debtors' or creditors actions, (i.e., there must be a causal connection between the two.). Any decision from U.S. District Court of Delaware would not be binding on Non-Party P.C.F. PROPERTIES IN TX LLC, as they are not a party to those proceeding.  **P.C.F.,** has not shown how a ruling forms this court vacating the agreed to motion to lift the stay to proceed in the bankruptcy appeal in their favor will likely redress the injury. **P.C.F**., has not even shown the Court how they have a protected interest in the matter or issues

pending  in the bankruptcy appeal for which they are not even named as a party to be entitled to be heard before this Court.

P.C.F. PROPERTIES IN TX LLC, has filed a Motion to Vacate which seeks affirmative relief from this Court as they ***object*** to the granting of the Debtor, Co-Debtors and Creditor Agreed to Motion Lifting Stay to the bankruptcy appeal pending n the U.S. District Court in Delaware. Debtor Co-Debtors and Creditor argue that P.C.F. PROPERTIES IN TX LLC, lacks standing to raise an object or to be heard in this bankruptcy proceeding. Standing in bankruptcy cases is governed by section 1109(b) of the Bankruptcy Code since courts have found that section 1109(b) and Article III are effectively coextensive.

Here P.C.F. PROPERTIES IN TX LLC,, lacks standing to file any, sort of, objection Motion Lifting the Stay  or pleadings in this bankruptcy court or proceedings.  P.C.F.is not a "party in interest", a debtor, the <u>trustee</u>, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture <u>trustee</u>, with standing to raise and/or  may appear be heard on any issue in a case under this chapter.  ***See***:  11 U.S. Code § 1109(b).  Standing in bankruptcy cases is governed by section 1109(b) of the Bankruptcy Code since courts have found that section 1109(b) and Article III are effectively coextensive. Section 1109(b) provides that "a party in interest . . . may raise and may appear and be heard on any issue in a case under this chapter.  11 U.S.C. §1109(b);  A "party in interest" is determine by whether a party has a legally protected interest that could be affected by a bankruptcy proceeding by showing  an  Article III injury-in-fact requirement and section 1109(b). A "Party in interest" under the Bankruptcy Code "'is generally understood to include all persons whose pecuniary interests are, directly affected by the bankruptcy proceedings.'" In re Alpex Computer Corp., 71 F.3d 353, 356 (10th Cir. 1995) (quoting Yadkin Valley Bank & Trust Co. v. McGee (In re

Hutchinson),  5 F.3d 750, 756 (4th Cir. 1993) (citations omitted)).

The burden to establish standing is on the party seeking to be heard by the court. See *Summers v. Earth Island Inst*., 555 U.S. 488, 4983 (2009).  Here P.C.F. PROPERTIES IN TX LLC.,  has failed to meet Article III injury-in-fact requirement and section 1109(b), as there is no evidence before the Court demonstrating what legally protected interest P.C.F. PROPERTIES IN TX LLC.,  has in  the bankruptcy appeal  pending in the U.S. District Court of Delaware or how PROPERTIES IN TX LLC.,   could be affected by a bankruptcy proceeding by showing the Article III injury-in-fact requirement and section 1109(b).  As they are not named as a party to pending bankruptcy appeal as such no decision  from the U.S. District Court of Delaware would be binding effect on Non-Party P.C.F. PROPERTIES IN TX LLC.

## DENIAL OF SERVICE OF MOTION TO VACATE.

The court granted an agreed to Motion to Lift the Stay [Doc. 47], includes Co-Debtors James Allen, Allan Haye Robert L. Thomas and the Creditor PCF Properties in Texas LLC, all of whom have not joined in this response and objection as John V. Burger counsel for P.C.F. PROPERTIES IN TX LLC, never served them with a copy of the Motion to Vacate or with a Notice of the Hearing scheduled for March 14, 2023.

## CONCLUSION

**WHEREFORE,** For the foregoing reasons Debtor Elizabeth Thomas, and Co-Debtors James M. Andersen prays that because P.C.F. PROPERTIES IN TX LLC., lacks as detailed above both Article III Standing and Section 1109(b)'s "Party in Interest" Standing to be heard or object to this Courts order lifting the stay of bankruptcy appeal its Motion must be denied including as a matter of law P.C.F. PROPERTIES IN TX LLC., cannot enforce judgments for which they are named as a party to and  such further relief this court deem proper and just.

Respectfully submitted

/s/James M. Andersen

James M. Andersen
Attorney at Law
Texas State Bar No. 01165850
 SBN: 20144
 P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

/s/ Elizabeth Thomas

 Elizabeth Thomas Pro, Se
 712 H Street NE #2487
 Washington DC 20002
 elizthomas234@gmail.com

**Certificate of Service**

A copy of this Response and objections was served on counsel of record for the Movant P.C.F. PROPERTIES IN TX LLC ON March 7, 223, via by EFC-filing system

/s/James M. Andersen