IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ELIZABETH THOMAS<br>Debtor<br>_____<br>**Elizabeth Thomas** *et al*,<br>                  *App*ellants/*Petitioning Creditor*<br>**vs.**<br><br>**PCF Investment Inc a/k/a PCF Properties in Texas  LLC.**<br>                  *Apellees/Debtor* | Case No. 23-34971 (JPN)<br>(Chapter 13) |

**OBJECTION TO NON-PARTY IN INTEREST AND
NON-EXISTENT P.C.F. Properties in Tx LLC.
TRIAL EXHIBITS**

TO THE HONORABLE JUDGE JEFFREY P. NORMAN  U.S.B.J.

      NOW COMES, Debtor Elizabeth Thomas files this objection to Non-Party in Interest P.C.F. Properties in Tx LLC., Motion to Vacate and would first move  the Court to take "judicial notice" that this entity has **_no_** legal existence, according to the Texas Secretary of State records the correct spelling on file is [ **P.C.F. PROPERTIES IN TX LLC**.], and they do not have an  d/b/a  on file  in the name of  P.C.F. Properties in Tx LLC., as such this entity is non-existent that seeks to be heard before the Court on a Motion to Vacate the Order Lifting the Stay [Doc. 47], in the Delaware Bankruptcy appeal pending in the U.S. District Court of Delaware case No. 23-00055 before the Honorable Colm F. Connolly U.S.D.J., for the sole purpose of attempting  to improperly force the Appellate Elizabeth Thomas to litigate her claims and issues presently pending on said appeal before this Court  despite the fact that they are not named as a party in either the bankruptcy proceeding or the appeal:

## OBJECTION TO BE FORCED TO LITIGATE SAME CLAIMS PENDING ON APPEAL IN U.S. DISTRICT COURT OF DELAWARE

On or about June 25, 2023, Petitioning Creditors *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen*, filed in the U.S. Bankruptcy Court of Delaware in the case styled as *In re PCF Investment Inc., a/k/a PCF Properties in Texas LLC*, under *cause* No. 23-10378, an (i) Motion to Reopen (ii) Motion to be relief from a Judgment and (iii) Motion for Remand Order. The motions were filed as a means for the Court to determine whether the Adversary Complaint moved to the bankruptcy court on March 30, 2023, was dismissed with prejudice when the underlying bankruptcy was dismissed on May 1, 2023, and if not could be remanded. See **Exhibit** 1.

On August 30, 2023, the Honorable Thomas M. Horan U.S.B.J., held a hearing in the case styled as *In re PCF Investment Inc., a/k/a PCF Properties in Texas LLC* on Petitioning Creditors *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen* on all three motions (i) Motion to Reopen (ii) Motion to be relief from a Judgment and (iii) Motion for Remand Order and denied each motion. See Movants **Exhibits** 4, 4A and 5.

NON-Existent P.C.F. Properties in Tx LLC., is not named as a party to the U.S. Bankruptcy Court of Delaware proceeding under cause No. 23-10378 and is not named as a party to Adversary Complaint or any of the three orders issued by the Honorable Thomas M. Horan U.S.B.J., on August 30, 2023.

On September 12, 2023, Appellant Elizabeth Thomas filed a Notice of Appeal appealing all three August 30, 2023, orders related to the adversary complaint from the bankruptcy court to the U.S. District Court of Delaware (Wilmington) under case No. 23-00055 and named the Appellees as *PCF Investment Inc., a/k/a PCF Properties in Texas LLC*. See **Exhibit**-2.

NON-Existent P.C.F. Properties in Tx LLC is not named as a party to the appeal pending in the U.S. District Court of Delaware (Wilmington) under case No. 23-00055.

The of the filing of Appellant Thomas September 12, 2023, notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the [appellate court] and divests the [bankruptcy court] of its control over those aspects of the case involved in the appeal. See: *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).

Debtor Thomas September 12, 2023, notice of appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter on appeal**.** *In re Bialac*, 694 F.2d 625 (9th Cir. 1982); *In re Health Care Prods.*, 169 B.R. 753, 755 (M.D. Fla. 1994) ("Filing a Notice of Appeal from an appealable order divests the lower court of jurisdiction over issues related to the appeal."); ; *In re Neuman*, 67 B.R. 99 (S.D.N.Y. 1986) (no jurisdiction to modify appealed order); *In re Maurice*, 179 B.R. 881 (Bankr. N.D. Ill. 1995) (bankruptcy court lacks authority to provide guidance or modify order pending appeal); *In re Commodore Corp.*, 87 B.R. 62 (Bankr. N.D. Ind. 1987) (no jurisdiction "to anything that impacts on any issue or matter under appeal").

On October 23, 2023, the Honorable Judge Christopher J. Burke U.S.M.J. issued an ORAL ORDER: Pursuant to this Court's July 19, 2023 Standing Order regarding procedures governing mediation of all appeals from the United States Bankruptcy Court for the District of Delaware, IT IS HEREBY ORDERED that on or before 11/13/2023 by 4:00 p.m., the parties shall each submit to the Clerk of the Court a letter, no longer than three (3) single-spaced pages in 12-point font, in which the parties shall: (1) state their respective positions as to whether mediation of the instant case by a United States Magistrate Judge would or would not be beneficial at this time (and why); and (2) advise whether the parties previously attempted

mediation or some other ADR process. Should the parties advise that mediation would not be beneficial at this time, and that the case should be removed from the Court's mandatory mediation process, the parties should also include a proposed briefing schedule for the instant appeal. The parties' letters shall not be docketed. See **Exhibit**-3.

NON-Existent P.C.F. Properties in Tx LLC is not named as a party that could have participate in the mediation process as they are not as a party to the bankruptcy proceedings or the underlying appeal. Learned in mediation process is that the Petitioning Creditors *Elizabeth Thomas, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen and the debtor PCF Investment Inc., a/k/a PCF Properties in Texas LLC., all of whom are* named as parties in Adversary Compliant and bankruptcy proceedings which resulted in the three orders entered by the bankruptcy court on August 30, 2023, ***do not*** have to continue litigating their claims as they could settle them. Indeed a court cannot force the parties who have chosen to reach a settlement agreement on their claims and counter-claims to litigate.

While the Petitioning Creditors*, James Allen, Allan Haye, Robert L. Thomas and James M. Andersen* qualified to particulate in the settlement proceedings, however they are not parties to the appeal. Debtor Thomas is the sole Appellant named in the appeal and *PCF Investment Inc., a/k/a PCF Properties in Texas LLC,* are the sole Appellees. Debtor Thomas has already appraised the District Court that on December 17, 2023, she joined the other Petitioning Creditors, and entered into a settlement agreement. What does this appeal have to do with Non-Existent P.C.F. Properties in Tx LLC ?

## CONCLUSION

**WHEREFORE,** Debtor Elizabeth Thomas objects to participating in any litigation with Non-Existent P.C.F. Properties in Tx LLC., whom is seeking to litigate the same

claims and issues before this court on March 14, 2023, that is presently pending on appeal in the in the U.S. District Court of Delaware with appellee(s) *PCF Investment Inc., a/k/a PCF Properties in Texas LLC,* and this appeal deprives the bankruptcy court of jurisdiction to enter orders that would affect or modify any issue or matter pending on appeal. The fact that P.C.F. Properties in Tx LLC., is non-existent and this lack of a legal existence deprives the Court of personal and subject matter jurisdiction. Debtor Thomas moves the Court to deny Non-Existent P.C.F. Properties in Tx LLC, motion to vacate this court lifting of the stay order.

Respectfully submitted

/s/Elizabeth Thomas
Elizabeth Thomas Pro, Se
712 H St. NE Suite
Washington DC., 20002
elizthomas234@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2023, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties designated as parties registered to receive electronic notice in this case

/s/Elizabeth Thomas