EXHIBIT-1-ADVERSARY COMPLAINT, STATE COURT PETITION,
DISMISSAL OF BK AND 80TH COURT CLERK E-MAIL

## UNITED STATES FEDERAL   COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JAMES ALLEN   ROBERT L. THOMAS AND ALLAN A. HAYE**<br>*Plaintiffs*<br><br>*vs.*<br><br>**PCF INVESTMENTS INC,  ITS SUBISDARY PCF   PROPERTIES IN TX. LLC.,**<br><br>*Defendants* | Cause No. _____ |

### NOTICE OF REMOVAL

James M. Andersen hereby files this "**Notice of Removal**" to removed the entire case entitled James Allen, *et al.*, vs. PCF Investments Inc., its subsidiary PCF Properties LLC., which includes claims filed against James Andersen and Elizabeth Thomas  under cause No. 2020-35780 from the 80th  District Court Harris County Texas  to the U.S. District Bankruptcy Court for Delaware.

### I.    BACKGROUND FACTS

PCF Investments Inc.., is a Delaware Corporation and the sole managing member of PCF Properties in Texas LLC. Defendant PCF Investments Inc. as of the filing of this suit was also the 100% owner of Defendant PCF Properties in Texas LLC.

PCF Properties in Texas LLC., transacts all of its real estate business in the State of Texas in name of its managing member Defendant PCF Investments Inc. a Delaware Corporation and as asses close to a million dollars in assets.

Since at least the year of 2005, Defendant PCF Properties in Texas LLC., executes its alleged  purchase contracts its sale contracts in the name of its sole managing member

and 100% owner PCF Investments Inc. a Delaware Corporation, via its director Antony Halaris.

However PCF Investments Inc. a Delaware Corporation, has been administratively defunct for the last thirty (30) years and has no legal existence indeed on February 28, 2023, according the Jeffrey W. Bullock the Secretary of State of the State of Delaware who issued a certificate of status for PCF Investment Inc., the Delaware Corporation a "certified that this corporation no longer in existence and good standing under the laws of the State of Delaware have become inoperative and void the first day of March A.D. 1993 for Non-Payment of Taxes" ***This is more than 30 years ago***.

Additionally, on February 28, 2023, that Jeffrey W. Bullock the Secretary of State of the State of Delaware certificate of status also certifies that "I do hereby further certify that the aforesaid corporation was so proclaimed in accordance with the provisions of general corporation law of the State of Delaware on the seventeenth day of June A.D. 1993 the same having been reported to the **Governor** as having neglected or refused to pay their annual taxes."

The effect of the Governor proclamation against PCF Investment Inc., makes it a criminal offense a fined not more than $1,000 or imprisoned not more than 1 year, or both for whoever exercises or attempts to exercise any powers under the certificate of incorporation of any corporation which has been proclaimed by the Governor according to the laws in the State of Delaware. 8 DE Code § 513.

Despite the lack of the Delaware Corporation Defendant PCF Investment Inc., defunct status for last thirty (30) years and for whom has been proclaimed by the

Governor of the State of Delaware that its chapter has been repealed meaning said corporate has completely loss all its corporate powers since June 17, 1993, more than thirty (30) years ago but continues to illegally function actively as of today.

.      Movants  alleges that the actions and allegations of Defunct Defendant PCF Investment Inc.,, are fraudulent. Since at least the year of 2005, has fraudulently using this 30 year old defunct corporation as a means to committed real estate fraud, in the Harris County Real Property Records in the State of Texas there are dozens of recorded defective warranty deeds of other victims recorded in the capacity of Antony Halaris as the director Defunct Defendant PCF Investment Inc., such deeds do not convey any title.

At issue is the fact that Defunct Defendant PCF Investment Inc., a Delaware Corporation is fraudulently entering into contracts for real estate contracts that has already been sold.

Defunct Defendant PCF Investment Inc., alleges that on March 3, 2020 entered into a contract with counsel the Barry & Stewart Law Firm to purchase the property located at 8202 Terra Valley Lane, Tomball Tx., after it was already sold.

On March 3, 2020, Trustee James M. Andersen, foreclosed on James Allen/JEVE Enterprises lien an Amended Assumption Deed of Trust executed by Allan Haye and recorded in the Harris County Real Property Records on February 24, under clerk's file No. 2020-81003 (the "Mortgage Lien").

The recorded "Trustee Deed" recites that on March 3, 2020, the trustee James M. Andersen sold to the property own by **grantor** ALLAN A. HAYE  **at 10:07 a.m.,** to James Allen

a/k/a Jeve Enterprises.

| | |
|---|---|
| **Deed of trust Date:** 2/1/2019 | **Foreclosure Sale Date:** 3/3/2020 |
| **Original Grantor(s)/Mortgagor(s):** ALLAN A. HAYE | **Foreclosure Sale Time:** *10:07 A.M.* |
| **Original Beneficiary/Mortgagee:** JAMES ALLEN F/K/A JEVE ENTERPRISES | **Sale Amount** $214,420.00 |
| **Current Beneficiary/Mortgagee** JAMES ALLEN F/K/A JEVE ENTERPRISES | **Grantee/Buyer:** JAMES ALLEN F/K/A JEVE ENTERPRISES |

According to the Harris County Clerk Records on March 3, 2020, the Trustee James M. Andersen recorded James Allen "Trustee Deed" in the Public Harris County Real Property under Clerk File No. RP-**2020-97072**, at **11;50 A.m., conveying said property to James Allen.**

The recorded "Trustee Deed" recites that on March 3, 2020 under Clerk File No. RP-**2020-97072**, at **11;50 a.m** the Trustee conveyed title to said property to  James Allen:

**Legal Description of Property:** LOT TWENTY-FIVE (25), IN BLOCK TWO (2) OF MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 55318 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS..

**COUNTY CLERK**
**HARRIS COUNTY, TEXAS**

```
RP-2020-97072
# Pages 4
03/03/2020 11:50 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
DIANE TRAUTMAN
COUNTY CLERK
Fees $24.00
```

**COUNTY CLERK**
**HARRIS COUNTY, TEXAS**

On March 13, 2020, defunct Defendant PCF Investment Inc., 100% owned

subsidiary Defendant PCF Properties of Texas LLC., filed Substitute Trustee Deed, under

Clerk File No. RP-2020-116399 claiming to have purchased the same said property as Mr.

Allen on March 3, 2020, at **12:38 P.M,**

    Specifically:   PCF claims that on <u>March 13, 2020</u>, the Substitute Trustee Anna

Sewart recorded a "Substitute Trustee Deed" in the Public Harris County Real Property

under Clerk File No. RP-2020-116399 which purports to have sold the same said property

to Defendant PCF Properties In Tx. LLC, on March 3, 2020, at **12:38 P.M**.

**Deed of Trust Date:**
10/19/2007
**Original Grantor(s)/Mortgagor(s):**
ELIZABETH THOMAS, AN UNMARRIED PERSON
**Original Beneficiary/Mortgagee:**
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ("MERS") SOLELY AS A
NOMINEE FOR FLAGSTONE LENDING GROUP,
ITS SUCCESSORS AND ASSIGNS
**Current Beneficiary/Mortgagee:**
JPMorgan Chase Bank, National Association
**Property County:**
HARRIS

**Foreclosure Sale Date:**
3/3/2020
**Foreclosure Sale Time:**
_12:56 Pm_
**Sale Amount:**
$218,000.00

**Grantee/Buyer:**
P.C.F. PROPERTIES IN TX, LLC
**Grantee/Buyer Address:**
6046 FM 2920 RD STE 160
SPRING, TX 77379

    Plaintiffs alleges that this a legal impossibility for PCF to have purchase the same

said property on March 3, 2020, at **12:38 p.m** because the property was already sold to

James Allen on March 3, 2020, at **10:07 am**.

**Deed of trust Date:**
2/1/2019
**Original Grantor(s)/Mortgagor(s):**
ALLAN A. HAYE
**Original Beneficiary/Mortgagee:**
JAMES ALLEN F/K/A
JEVE ENTERPRISES
**Current Beneficiary/Mortgage**
JAMES ALLEN F/K/A
JEVE ENTERPRISES

**Foreclosure Sale Date:**
3/3/2020
**Foreclosure Sale Time:**
_10:07 A.M._
**Sale Amount**
$214,420.00
**Grantee/Buyer:**
JAMES ALLEN F/K/A
JEVE ENTERPRISES

    The Public Harris County Real Property Records, clearly evidences that on March 3,

2020, at **10:07 A.M.,** the Trustee James M. Andersen sold said property at issue to James

Allen a/k/a Jeve Enterprise; thereinafter the Trustee recorded to the Trustee Deed

conveying title to Mr Allen  on **March 3, 2020** in the Public Harris County Real Property

Records under **RP-2020-97072**, at **11:50 a.m.**

At 12:38 p.m. on March 3, 2020, when PCF sought to purchase said property it was already sold to James Allen at 10:07 a.m. and the Trustee Deed conveying title was recorded also on March 3, 2020 at at **11:50 a.m,** according to the Public Harris County Real Property Records.

**Original Grantor(s)/Mortgagor(s):**
ELIZABETH THOMAS, AN UNMARRIED PERSON
**Original Beneficiary/Mortgagee:**

**Foreclosure Sale Time:**
12:38 pm

**Sale Amount:**

**Deed of trust Date:**
2/1/2019
**Original Grantor(s)/Mortgagor(s):**
ALLAN A. HAYE
**Original Beneficiary/Mortgagee:**
JAMES ALLEN F/K/A
JEVE ENTERPRISES
**Current Beneficiary/Mortgagee**
JAMES ALLEN F/K/A
JEVE ENTERPRISES

**Foreclosure Sale Date:**
3/3/2020
**Foreclosure Sale Time:**
10:07 A.M.
**Sale Amount**
$214,420.00
**Grantee/Buyer:**
JAMES ALLEN F/K/A
JEVE ENTERPRISES

On March 3, 2020, when the Trustee James Andersen foreclosure on the property at issue and sold it to James Allen at 10:07 am, there were no recorded lien encumbering said property other than the JEVE Lien was recorded on November 1, 2017.

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary PCF Properties in Texas LLC., has since filed suit against James M. Andersen alleging that he fraudulently recorded certain instruments,

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., has filed false claims against Elizabeth Thomas and seeks to litigate theses claims.

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., has filed false claims against Robert L. Thomas and seeks to litigate theses claims.

Since Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., has filed false claims against Allan A. Haye and seeks to litigate theses claims.

The total value of the claim in dispute is $495,782.00 for which Defunct Defendant PCF Investment Inc., a Delaware Corporation its subsidiary, PCF Properties in Texas LLC., is owed to them and Movants claim that there is dispute that claims belongs to the Movants.

Defunct Defendant PCF Investment Inc., a Delaware Corporation alleges that property it has purchased in its name in varies belongs to said corporation. Corporations are a legal entity a legal person as such all said real property belongs to PCF Investment Inc, not its members for which said corporation does not have any managing member or board of directors –or any owners.

Defunct Defendant PCF Investment Inc seeks to litigate issues involving its real estate property through its corporate powers that it does not have by hiring a attorney to litigate in the State of Texas via its 100% own subsidiary Defendant PCF Properties of Texas LLC., for whom neither has any authorized managing members of their own.

Movants allege and the evidence supports that Defendant PCF Investment Inc., a Delaware Corporation has been defunct for the last thirty (30) years past the statutory provisions of Delaware law which mandates that after ten (10) years of being dissolved the only way PCF Investments Inc., ("the Corporation") may become re-empowered to defend its interests or make corporate decisions in the litigation is through the appointment of a receiver or a trustee under § 279, in the State of Delaware.

### Removal under 28 U.S.C. §1452

Defunct Defendant PCF Investment Inc., had taken these action seeking a state court to ignore, disregard, and alter or modify the ten (10) statutory bar under § 279 and ignore the Governor of Delaware proclamation. This bankruptcy proceeding is constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in **Stern v. Marshall**, 131 S. Ct. 2594 (2011). Based on the language of § 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 1334(b); and pursuant to 28 U.S.C. §9027(a)(2).

### ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the rights to maintain and/or assert a cause of action to appoint a receiver in the Delaware Court of Chancery and any other pertinent defense available.

### CONCLUSION

**WHEREFORE**, the James M. Andersen, pro,se hereby, with this Notice of Removal remove entire case entitled James Allen, *et al.*, vs. PCF Investments Inc., its subsidiary PCF Properties LLC., from the 80TH Judicial District Court, Harris County Texas under cause No. 2020-35780, to the United States District Court for the Delaware.

Respectfully submitted,

By:/s/**James M. Andersen**  Pro, Se
James M. Andersen
P. O. Box 58554
Webster, Texas 77598-8554

Tel. (281)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2023, a true and correct copy of the foregoing instrument has been served by electronic transmission via the Court's CM/ECF system upon all parties designated as parties registered to receive electronic notice in this case or by regular mail with the United States Post Office upon:

PCF INVESTMENTS INC.
2711 CENTERVILLE ROAD SUITE 400
WILMINGTON DE 19808

By:/s/**James M. Andersen**  Pro, Se
James M. Andersen

3/30/2023 4:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 74193891
By: DANIELLE JIMENEZ
Filed: 3/30/2023 4:56 PM

Exhibt-2

**Cause No. 2020-35780**

| | | |
|---|---|---|
| JAMES ALLAN   ROBERT L. THOMAS AND ALLAN A. HAYE | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs/Counter Defendant* | § | 80th JUDICIAL DISTRICT COURT |
| *vs.* | § | |
| | § | HARRIS COUNTY, TEXAS |
| PCF INVESTMENTS INC,  ITS SUBISDARY PCF    PROPERTIES IN TX. LLC | § | |
| | § | |
| *Defendants/Counter Plaintiff* | § | |
| | § | |
| PCF PROPERTIES OF TEXAS LLC, | § | |
| *Third Party Plaintiff* | § | |
| vs. | § | |
| | § | |
| ELIZABETH THOMAS AND JAMES M. ANDERSEN | § | |
| *Third Party Defendants* | § | |

**PLAINTIFFS  AMENDED  ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JAMES ALLEN, ROBERT L. THOMAS and ALLAN A. HAYE, (the Plaintiffs') and "Parties in Interest" files this "Amended  Original  Petition" for Declaratory Judgment Pursuant to TEX. CIV. PRAC. & REM. CODE § 37, and fraud against PCF INVESTMENTS INC., a Delaware Corporation and it's wholly 100% owned subsidiary P.C.F PROPERTIES IN TX. LLC., (the "Defendants")  and  would  respectfully show the Court as follow:

**I. <u>DISCOVERY CONTROL PLAN</u>**

1.      Discovery shall be conducted under Level 2, pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

## II.   __PARTIES__

2.      Plaintiff's JAMES ALLEN, is a resident of the State of Georgia ALLAN A. HAYE is a is a resident of the State of and ROBERT L. THOMAS is residents of the State of Texas.

3.      Defendant PCF INVESTMENTS INC., is a defunct Delaware Corporation last known address being 2711 CENTERVILLE ROAD SUITE 400, Wilmington New Castle, De. 19808, service can be by publication having no registered agent and its 100% Owned subsidiary PCF PROPERTIES IN., TX. LLC.,.

## III.   __VENUE AND JURISDICTION__

5..   Jurisdiction and venue of this case properly lies with Court of Chancery in the State of Delaware or the U.S. Bankruptcy District of  Delaware. This lawsuit seeks monetary relief of three   hundred thousand dollars ($300,000.00) or less and non-monetary relief.

## IV.   __FACTS__

6.    Defendant PCF Investments Inc.., is a Delaware Corporation and the sole managing member of Defendant PCF Properties in Texas LLC. Defendant PCF Investments Inc. as of the filing of this suit was also the 100% owner of Defendant PCF Properties in Texas LLC.

7.    Defendant PCF Properties in Texas LLC., transacts all of its real estate business in the State of Texas in name of its managing member Defendant PCF Investments Inc. a Delaware Corporation and as asses close to a million dollars in assets.

8.    Since at least the year of 2005, Defendant PCF Properties in Texas LLC., executes its alleged purchase contracts its sale contracts in the State of Texas in the name of its sole

managing member and 100% owner PCF Investments Inc. a Delaware Corporation, via its director Antony Halaris.

9.      However PCF Investments Inc. a Delaware Corporation, has been administratively defunct for the last thirty (30) years and has no legal existence indeed on February 28, 2023, according the Jeffrey W. Bullock the Secretary of State of the State of Delaware who issued a certificate of status for PCF Investment Inc., the   Delaware Corporation a "certified that this corporation no longer in existence and good standing under the laws of the State of Delaware have become inoperative and void the first day of March A.D. 1993 for Non-Payment of Taxes" ***This is more than 30 years ago***.

10.     Additionally, on February 28, 2023, that Jeffrey W. Bullock the Secretary of State of the State of Delaware certificate of status also certifies that "I do hereby further certify that the aforesaid corporation was so proclaimed in accordance with the provisions of general corporation law of the State of Delaware on the seventeenth day of June A.D. 1993 the same having been reported to the **Governor** as having neglected or refused to pay their annual taxes."

11.     The effect of the Governor proclamation against PCF Investment Inc., makes it a criminal offense a fined not more than $1,000 or imprisoned not more than 1 year, or both for whoever exercises or attempts to exercise any powers under the certificate of incorporation of any corporation which has been proclaimed by the Governor according to the laws in the State of Delaware. 8 DE Code § 513.

12.     Despite the lack of the Delaware Corporation Defendant PCF Investment Inc.,

defunct status for last thirty (30) years and for whom has been proclaimed by the Governor of the State of Delaware that its chapter has been repealed meaning said corporate has completely loss all its corporate powers since June 17, 1993, more than thirty (30) years ago but continues to illegally function actively as of today.

13,     Defunct Defendant PCF Investment Inc., alleges that on March 3, 2020 via its director Antony Halaris entered into a contract with counsel the Barry & Stewart Law Firm to   purchase the property located at 8202 Terra Valley Lane, Tomball Tx., after it was already sold.

14,   On March 3, 2020, Trustee James M. Andersen, foreclosed on James Allen/JEVE Enterprises lien an Amended Assumption Deed of Trust executed by Allan Haye and recorded in the Harris County Real Property Records on February 24, under clerk's file No. 2020-81003 (the "Mortgage Lien").

15.   The recorded "Trustee Deed" recites that on March 3, 2020, the trustee James M. Andersen sold to the property own by **grantor** ALLAN A. HAYE  **at 10:07 a.m.,** to James Allen a/k/a Jeve Enterprises.

| | |
|---|---|
| **Deed of trust Date:**<br>2/1/2019 | **Foreclosure Sale Date:**<br>3/3/2020 |
| **Original Grantor(s)/Mortgagor(s):**<br>ALLAN A. HAYE | **Foreclosure Sale Time:**<br>_10:07 A.M._ |
| **Original Beneficiary/Mortgage:**<br>JAMES ALLEN F/K/A<br>JEVE ENTERPRISES | **Sale Amount**<br>$214,420.00 |
| **Current Beneficiary/Mortgagee:**<br>JAMES ALLEN F/K/A<br>JEVE ENTERPRISES | **Grantee/Buyer:**<br>JAMES ALLEN F/K/A<br>JEVE ENTERPRISES |

16.   According to the Harris County Clerk Records on March 3, 2020, the Trustee James M. Andersen recorded James Allen "Trustee Deed" in the Public Harris County Real

Property under Clerk File No. RP**-2020-97072**, at **11;50 A.m., conveying said property to**

**James Allen.**

17.   The recorded "Trustee Deed" recites that on March 3, 2020 under Clerk File No.

RP**-2020-97072**, at **11;50 a.m**  the Trustee conveyed title to said property to   James Allen:

**Legal Description of Property:** LOT TWENTY-FIVE (25), IN BLOCK TWO (2) OF MIRAMAR LAKE SECTION THREE (3) A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 55318 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS..



COUNTY CLERK
HARRIS COUNTY, TEXAS

```
RP-2020-97072
# Pages 4
03/03/2020 11:50 AM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
DIANE TRAUTMAN
COUNTY CLERK
Fees $24.00
```



COUNTY CLERK
HARRIS COUNTY, TEXAS

18.   On March 13, 2020, defunct Defendant PCF Investment Inc., 100% owned

subsidiary Defendant PCF Properties of Texas LLC., filed Substitute Trustee Deed, under

Clerk File No. RP-2020-116399 claiming to have purchased the same said property as Mr.

Allen on March 3, 2020, at **12:38 P.M,**

19.   Specifically:  PCF claims that on March 13, 2020, the Substitute Trustee Anna

Sewart recorded a "Substitute Trustee Deed" in the Public Harris County Real Property

under Clerk File No. RP-2020-116399 which purports to have sold the same said property to

Defendant PCF Properties In Tx. LLC, on March 3, 2020, at **12:38 P.M**.

| | |
|---|---|
| **Deed of Trust Date:** | **Foreclosure Sale Date:** |
| 10/19/2007 | 3/3/2020 |
| **Original Grantor(s)/Mortgagor(s):** | **Foreclosure Sale Time:** |
| ELIZABETH THOMAS, AN UNMARRIED PERSON | 12:36 pm |
| **Original Beneficiary/Mortgagee:** | **Sale Amount:** |
| MORTGAGE ELECTRONIC REGISTRATION | $218,000.00 |
| SYSTEMS, INC. ("MERS") SOLELY AS A | |
| NOMINEE FOR FLAGSTONE LENDING GROUP, | |
| ITS SUCCESSORS AND ASSIGNS | |
| **Current Beneficiary/Mortgagee:** | **Grantee/Buyer:** |
| JPMorgan Chase Bank, National Association | P.C.F. PROPERTIES IN TX, LLC |
| **Property County:** | **Grantee/Buyer Address:** |
| HARRIS | 6046 FM 2920 RD STE 160 |
| | SPRING, TX 77379 |

20.  Plaintiffs alleges that this a legal impossibility for PCF to have purchase the same said property on March 3, 2020, at **12:38 p.m** because the property was already sold to James Allen on March 3, 2020, at **10:07 am**.

| | |
|---|---|
| **Deed of trust Date:** | **Foreclosure Sale Date:** |
| 2/1/2019 | 3/3/2020 |
| **Original Grantor(s)/Mortgagor(s):** | **Foreclosure Sale Time:** |
| ALLAN A. HAYE | 10:07 A.M. |
| **Original Beneficiary/Mortgagee:** | **Sale Amount** |
| JAMES ALLEN F/K/A | $214,420.00 |
| JEVE ENTERPRISES | |
| **Current Beneficiary/Mortgagee** | **Grantee/Buyer:** |
| JAMES ALLEN F/K/A | JAMES ALLEN F/K/A |
| JEVE ENTERPRISES | JEVE ENTERPRISES |

21.  The Public Harris County Real Property Records, clearly evidences that on March 3, 2020, at **10:07 A.M.,** the Trustee James M. Andersen sold said property at issue to James Allen a/k/a Jeve Enterprise; thereinafter the Trustee recorded to the Trustee Deed conveying title to Mr Allen on **March 3, 2020** in the Public Harris County Real Property Records under **RP-2020-97072**, at **11:50 a.m.**

22.   At 12:38 p.m. on March 3, 2020, when PCF sought to purchase said property it was already sold  to James Allen at 10:07 a.m. and the Trustee Deed conveying title was recorded also on March 3, 2020 at at **11:50 a.m.,** according to the Public Harris County Real Property Records.

**Original Grantor(s)/Mortgagor(s):**
ELIZABETH THOMAS, AN UNMARRIED PERSON
**Original Beneficiary/Mortgagee:**

**Foreclosure Sale Time:**
_____

**Sale Amount:**

| | |
|---|---|
| **Deed of trust Date:**<br>2/1/2019 | **Foreclosure Sale Date:**<br>3/3/2020 |
| **Original Grantor(s)/Mortgagor(s):**<br>ALLAN A. HAYE | **Foreclosure Sale Time:**<br>_10:07 A.M._ |
| **Original Beneficiary/Mortgagee:**<br>JAMES ALLEN F/K/A<br>JEVE ENTERPRISES | **Sale Amount**<br>$214,420.00 |
| **Current Beneficiary/Mortgagee**<br>JAMES ALLEN F/K/A<br>JEVE ENTERPRISES | **Grantee/Buyer:**<br>JAMES ALLEN F/K/A<br>JEVE ENTERPRISES |

23.  On March 3, 2020, when the Trustee James Andersen foreclosure on the property at issue and sold it to James Allen at 10:07 am, there were no recorded lien encumbering said property other than the JEVE Lien was recorded on November 1, 2017.

24.  Plaintiffs alleges that the actions and allegations of Defunct Defendant PCF Investment Inc.,, are fraudulent. Since at least the year of 2005, has fraudulently using this 30 year old defunct corporation as a means to committed real estate fraud, in the Harris County Real Property Records there are dozens of recorded defective warranty deeds of other victims recorded in the capacity of Antony Halaris as the director Defunct Defendant PCF Investment Inc., such deeds do not convey any title.

25.  At issue is the fact that all the real property allegedly purchase in the State of Texas by Defunct Defendant PCF Investment Inc., a Delaware Corporation via a signed contract belongs to said corporation. Corporations are a legal entity a legal person as such all said real property belongs to PCF Investment Inc, not its members for which said corporation does not have any managing member or board of directors –or any owners.

26.  Defunct Defendant PCF Investment Inc seeks to litigate issues involving its real estate property  through its corporate powers it does not have by hiring a attorney to litigate

in the State of Texas via its 100% own subsidiary Defendant PCF Properties of Texas LLC., for whom neither has any authorized managing members of their own.

27.    Plaintiffs allege and the evidence supports that Defendant PCF Investment Inc., a Delaware Corporation has been defunct for the last thirty (30) years past the statutory provisions of Delaware law which mandates that after ten (10) years of being dissolved the only way PCF Investments Inc., ("the Corporation") may become re-empowered to defend its interests or make corporate decisions in the litigation is through the appointment of a receiver under § 279, through the Delaware Court of Chancery, this trial court lacks such jurisdiction.

## V.   CAUSE OF ACTION

### A. DECLARATORY RELIEF

28.     Plaintiffs incorporate by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

29.    Plaintiffs seeks a declaratory judgment that on February 28, 2023, that Jeffrey W. Bullock the Secretary of State of the State of Delaware issued a certificate of status for PCF Investment Inc., the   Delaware Corporation and "certified that this corporation no longer in existence and good standing under the laws of the State of Delaware have become inoperative and void the first day of March A.D. 1993 for Non-Payment of Taxes" ***This is more than 30 years ago.***

30.     Plaintiffs seeks a declaratory judgment that additionally, on February 28, 2023, that Jeffrey W. Bullock the Secretary of State of the State of Delaware certificate of status

also certifies that "I do hereby further certify that the aforesaid corporation was so proclaimed in accordance with the provisions of general corporation law of the State of Delaware on the seventeenth day of June A.D. 1993 the same having been reported to the **Governor** as having neglected or refused to pay their annual taxes..

31.     Plaintiffs seeks a declaratory judgment that the effect of a Governor proclamation makes it a criminal offense a fined not more than $1,000 or imprisoned not more than 1 year, or both for whoever exercises or attempts to exercise any powers under the certificate of incorporation of any corporation which has been proclaimed by the Governor according to the laws in the State of Delaware. 8 DE Code § 513

32.   Plaintiffs seeks a declaratory judgment that Antony Halaris actions are in violation of the penal laws of the State of Delaware by continuing thirty (30) year later to exercise powers under the certificate of incorporation for PCF Investments Inc., by claiming to be the director of said proclaimed corporation, and by exercising the non-existent powers to authorize the hiring of Attorney John Burger and the law Barry & Sewart PLLC.  All of his actions under the State of Delaware law are illegal.

33.    At issue is the fact that all the real property allegedly purchase in the State of Texas by Defunct Defendant PCF Investment Inc., a Delaware Corporation via a signed contract belongs to said corporation. Corporations are a legal entity a legal person as such all said real property belongs to PCF Investment Inc, not its members for which said corporation does not have any managing member or board of directors –or owners.

34.    Plaintiffs seeks a declaratory judgment that since at least the year of 2005, has

fraudulently using this 30 year old defunct corporation as a means to committed real estate fraud, in the Harris County Real Property Records there are dozens of recorded defective warranty deeds of other victims recorded in the capacity of Antony Halaris as the director Defunct Defendant PCF Investment Inc., such deeds do not convey any title.

35.     Plaintiffs seeks a declaratory judgment that the only means by which PCF Investments Inc., ("the Corporation") may become re-empowered to defend its interests or make corporate decisions in the litigation is through the appointment of a receiver under § 279 through the Delaware Court of Chancery, trial court lacks such jurisdiction.

36.     Plaintiffs states under Texas Law amended petition relates back to the date of the original petition.  Plaintiffs seek judgment in its favor on their request for declaratory relief Pursuant to TEX. CIV. PRAC. & REM. CODE § 37, for attorney fees and cost all other relief this court deems proper and just.

## VII.   PRAYER

WHEREFORE, Plaintiffs pray that the Court granted the relief questions herein and for any further relief the Court deems just.

Respectfully submitted,

ATTORNEY KEITH NGUYEN, PLLC.

By:/s/<u>Keith Robinson Nguyen</u>
Keith Robinson Nguyen
Attorney at Law
Texas State Bar No. 24062919
2901 Wilcrest Dr., Suite 400-39
Houston, TX 77042
Tel. 832-869-3419
Fax. 281-271-8077

krnlawfirm@gmail.com

COLLEEN M. MCCLURE
ATTORNEY AT LAW

By: /s/Colleen M. McClure
COLLEEN M. MCCLURE
ATTORNEY AT LAW
Texas Bar No. 24012121
6046 FM 2920 , #425
Spring, Texas 77379
Tel. (281) 440-1625
Fax. (281) 946-5627
colleen.mcclure@att.net

## CERTIFICATE OF SERVICE

 This is to certify that a true and correct copy of the foregoing pleading has been furnished to all parties and/or  counsel  if any of record in accordance and with the Texas Rules of Civil Procedure, this 30th day of  March  2023.

By:/s/Keith Robinson Nguyen

Keith Robinson Nguyen

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Keith Nguyen on behalf of Keith Nguyen
Bar No. 24062919
krnlawfirm@gmail.com
Envelope ID: 74193891
Filing Code Description: Amended Filing
Filing Description: PLAINTFF AMENDED PETITION
Status as of 3/31/2023 8:19 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Colleen McCure | | colleen.mcclure@att.net | 3/30/2023 4:56:39 PM | SENT |
| James Allen | | jamesthegreat74@gmail.com | 3/30/2023 4:56:39 PM | SENT |
| Colleen McClure | | mcclurelegalassistant@gmail.com | 3/30/2023 4:56:39 PM | SENT |
| Keith AWolfshol | | KeithW@barryandsewart.com | 3/30/2023 4:56:39 PM | SENT |
| AUSTIN DUBOIS | | austin@barryandsewart.com | 3/30/2023 4:56:39 PM | SENT |
| ANNA SEWART | | ACSEWART@BARRYANDSEWART.COM | 3/30/2023 4:56:39 PM | SENT |
| Nicholas Frame | | nick@barryandsewart.com | 3/30/2023 4:56:39 PM | SENT |
| ELIZABETH THOMAS | | TETHOMAS3@AOL.COM | 3/30/2023 4:56:39 PM | SENT |
| James Andersen | | jandersen.law@gmail.com | 3/30/2023 4:56:39 PM | SENT |
| Wm. LanceLewis | | llewis@qslwm.com | 3/30/2023 4:56:39 PM | SENT |
| Rachel Hytken | | rhytken@qslwm.com | 3/30/2023 4:56:39 PM | SENT |
| Keith Nguyen | | krnlawfirm@gmail.com | 3/30/2023 4:56:39 PM | SENT |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| PCF INVESTMENTS INC. | Case No. 23-10378 (TMH) |
| Debtor. | **RE: D.I. 1, 14, 15** |

**ORDER DISMISSING INVOLUNTARY CHAPTER 7 PETITION**

Upon consideration of the *Petitioning Creditors Amended Emergency Motion for Order Shortening Time for Notice of the Hearing to Consider Expedited Application for Entry of an Order Dismissing the Involuntary Petition; Dismissing Claims in Notice of Removal or in the Alternative Lifting the Automatic Stay* [D.I. 15] (the "Amended Motion to Dismiss")  filed by Mr. James M. Andersen, Ms. Elizabeth Thomas, Mr. Robert L. Thomas, Mr. Allan A. Haye, and Mr. James Allen on April 30, 2023; and the Court having considered the Amended Motion to Dismiss; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that, pursuant to 28 U.S.C.  § 157(b)(1), it it may hear and determine this case under title 11 of the United States Code; and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Amended Motion to Dismiss in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and for the reasons as set forth at the hearing held in this case on May 1, 2023; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The involuntary chapter 7 petition is DISMISSED with prejudice.

1

2.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: May 1, 2023
Wilmington, Delaware

_____
THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE

80TH DISTRICT COURT MASTER CLERK
CONFIRMATION OF PARTIES

*2020 - 35780*

**Givens, Kathy (DCO)**

| | |
|---|---|
| **From:** | Jimenez, Danielle (DCO) |
| **Sent:** | Thursday, August 10, 2023 10:41 AM |
| **To:** | Givens, Kathy (DCO) |
| **Subject:** | FW: 23-10378 (TMH) PCF INVESTMENTS INC |
| | |
| **Importance:** | High |

*3pgs*

**FILED**
Marilyn Burgess
District Clerk

AUG 1 0 2023

Time: _____
By: _____
Harris County, Texas
Deputy

**From:** Amanda Hrycak <Amanda_Hrycak@deb.uscourts.gov>
**Sent:** Thursday, August 10, 2023 10:29 AM
**To:** Jimenez, Danielle (DCO) <Danielle.Jimenez@hcdistrictclerk.com>
**Cc:** Danielle Gadson <Danielle_Gadson@deb.uscourts.gov>
**Subject:** RE: 23-10378 (TMH) PCF INVESTMENTS INC

**[WARNING]** This email originated outside the HCDCO email system. **DO NOT CLICK** links or attachments unless you know the content is safe.

Danielle,

The case has been dismissed. However, there is an emergency motion to reopen for a remand order. That hearing was adjourned to August 29, 2023 at 2:00 p.m. (ET). So technically the case is not "active".

Thanks!



**Amanda M. Hrycak, MSW**
**Judicial Assistant to the Honorable Thomas M. Horan**
**United States Bankruptcy Court – District of Delaware**
**824 N. Market Street, 3rd Floor**
**Wilmington, DE 19801**
**Tel: (302) 252-2933**
**Email:** Amanda_Hrycak@deb.uscourts.gov

**From:** Jimenez, Danielle (DCO) <Danielle.Jimenez@hcdistrictclerk.com>
**Sent:** Wednesday, August 9, 2023 12:16 PM
**To:** Amanda Hrycak <Amanda_Hrycak@deb.uscourts.gov>
**Subject:** RE: 23-10378 (TMH) PCF INVESTMENTS INC

**CAUTION - EXTERNAL:**

Thank you Amanda for the reply! Is your case currently "active"?

1

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging



**Danielle N. Jimenez**
**80th District Court Master Clerk**

MARILYN BURGESS, Harris County District Clerk
201 Caroline, Suite 910 | Houston, TX 77002
(832) 927-2680

---

**From:** Amanda Hrycak <Amanda_Hrycak@deb.uscourts.gov>
**Sent:** Friday, August 4, 2023 12:38 PM
**To:** Jimenez, Danielle (DCO) <Danielle.Jimenez@hcdistrictclerk.com>
**Subject:** RE: 23-10378 (TMH) PCF INVESTMENTS INC

**[WARNING]** This email originated outside the HCDCO email system. **DO NOT CLICK** links or attachments unless you know the content is safe.

Danielle,

Sorry for the delay – I was out on vacation.

There is currently no remand order in place. There is an emergency motion for a remand order that is being heard on August 14 at 1:00 p.m.

Hope that helps.

Let me know!



**Amanda M. Hrycak, MSW**
**Judicial Assistant to the Honorable Thomas M. Horan**
**United States Bankruptcy Court – District of Delaware**
**824 N. Market Street, 3rd Floor**
**Wilmington, DE 19801**
**Tel: (302) 252-2933**
**Email: Amanda_Hrycak@deb.uscourts.gov**

---

**From:** Jimenez, Danielle (DCO) <Danielle.Jimenez@hcdistrictclerk.com>
**Sent:** Wednesday, August 2, 2023 12:10 PM
**To:** Amanda Hrycak <Amanda_Hrycak@deb.uscourts.gov>
**Subject:** RE: 23-10378 (TMH) PCF INVESTMENTS INC
**Importance:** High

**CAUTION - EXTERNAL:**

Good Morning,

I have been trying to get a hold of anyone in this particular court but have had no luck. Could you assist or give me a name and number of someone who can give me some assistance?

Thank you!



**Danielle N. Jimenez**
**80th District Court Master Clerk**

MARILYN BURGESS, Harris County District Clerk
201 Caroline, Suite 910 | Houston, TX 77002
(832) 927-2680

---

**From:** Jimenez, Danielle (DCO)
**Sent:** Wednesday, July 26, 2023 9:53 AM
**To:** 'Amanda_Hrycak@deb.uscourts.gov' <Amanda_Hrycak@deb.uscourts.gov>
**Subject:** 23-10378 (TMH) PCF INVESTMENTS INC
**Importance:** High

GOOD MORNING!

I am hoping you can help with this case, case number listed above. This case/parties have an ongoing case pending in this 80th District Court. Is it possible for you to share the last order that was signed on this case in your court. We are wanting to see if there is any order remanding this case back or if you case is completely dismissed?

I can be reached at the number listed below if telephone communication is better.

Thank you!



**Danielle N. Jimenez**
**80th District Court Master Clerk**

MARILYN BURGESS, Harris County District Clerk
201 Caroline, Suite 910 | Houston, TX 77002
(832) 927-2680

---

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.