United States Bankruptcy Court
Southern District of Texas
**ENTERED**
March 14, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | **CASE NO: 23-34971** |
| **ELIZABETH THOMAS,** § | |
| § | |
| Debtor. § | |
| § | **CHAPTER 13** |

## ORDER DENYING EX PARTE MOTION FOR CONTEMPT

This matter is before the Court on the Ex Parte Motion for Contempt (ECF No. 55) filed by the debtor, pro se. The certificate of service is insufficient, as the certificate merely states all parties have been served without specifying who those parties are. Therefore, this Court is unable to determine whether all required parties have been properly served with the instant motion.

Movant is seeking contempt for violations of a court order disallowing a claim, and the discharge injunction. Federal Rule of Bankruptcy Procedure 7001 states that proceedings to recover money or property and those to determine the validity, priority, or extent of a lien are adversary proceedings. Adversary proceedings require the plaintiff to file a complaint and entitle the defendant to personal service of summons and complaint, with service on an officer or registered agent of a corporate party.

This Court stands willing to take up this matter, in whole or in part, if the procedural safeguards of due process are met and if the parties are willing to have *Stern*[1] claims heard by the bankruptcy court i.e. *Stern* may be waived. Otherwise, they can litigate any *Stern* issues in State Court.

**THEREFORE, IT IS ORDERED** that the Ex Parte Motion for Contempt is denied.

SIGNED 03/14/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[1] *Stern v. Marshall*, 564 U.S. 462 (2011).